1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Joseph A. CARBELLO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3560.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1993.*
Decided July 19, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 In 1983, a grand jury returned a four-count indictment against Joseph A. Carbello. The first three counts involved various drug offenses, while the fourth involved a weapons charge. Following a bench trial, Judge John Grady convicted Carbello on all four counts. We affirmed these convictions on appeal. United States v. Carbello, No. 84-2130 (7th Cir. Mar. 14, 1985) (unpublished). Carbello brought a motion for relief from his sentence pursuant to 28 U.S.C. Sec. 2255 on a number of grounds relating to the truth and sufficiency of the affidavit used to establish probable cause for the search that discovered the drugs and weapons. This motion was denied, and we affirmed. Carbello v. United States, No. 86-2920, 826 F.2d 1068, 1987 U.S.App.LEXIS 10910 (7th Cir. July 23, 1987) (unpublished). Carbello then filed another motion under Sec. 2255. In this most recent motion, Carbello claimed that two of the drug counts were multiplicitous, and therefore he was sentenced illegally. He also claimed that he was denied effective assistance of counsel by his attorney's failure to challenge on direct appeal the allegedly multiplicitous counts. The district court denied relief, and Carbello appeals.
 
 
 2
 Before we can address the merits of Carbello's claims, we must consider the government's argument that Carbello has procedurally defaulted on the issue of the allegedly multiplicitous counts.[1] According to the government, Carbello's failure to raise these issues either at trial or on direct appeal constitutes a procedural default barring consideration of them in a collateral proceeding under Sec. 2255. We agree. United States v. Frady, 456 U.S. 152, 167-68 (1982) (failure to raise objection at trial); United States v. Griffin, 765 F.2d 677, 680 (7th Cir.1985) (failure to raise multiplicity claim on direct appeal); Norris v. United States, 687 F.2d 899, 903-04 (7th Cir.1982) (failure to raise issue on direct appeal). Unless Carbello can show cause for his failure to raise these issues previously, and resulting prejudice, we will not consider his claims.
 
 
 3
 Carbello asserts that he received ineffective assistance of counsel, which can serve as cause for failing to raise these claims earlier. Specifically, he claims that his attorney should have challenged the multiplicitous counts, either at trial or on direct appeal. The government contends that Carbello waived this particular allegation of ineffectiveness by failing to raise it on direct appeal. It is unclear from the record if his attorney on direct appeal was the same attorney who represented him at trial. If he was, Carbello cannot be faulted for his attorney's failure to argue his own ineffectiveness on appeal. United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991). We therefore proceed to consider whether Carbello has shown cause through his attorney's alleged ineffectiveness.
 
 
 4
 To succeed in this regard, Carbello must first show that his attorney's failure to raise the multiplicity claim constituted representation that "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687 (1984). Although to determine this we must probe the merits of his attorney's decision not to raise a multiplicity claim, we indulge a strong presumption in favor of counsel's effectiveness. Id. at 689-90.
 
 
 5
 Carbello claims that he received unauthorized sentences because he was charged and sentenced for both simple possession of marijuana (21 U.S.C. Sec. 844(a)(1)) and possession of marijuana with intent to distribute (21 U.S.C. Sec. 841(a)(1)). Beyond this assertion, he offers no legal argument that the counts were multiplicitous. In any event, we note that the two counts were based on different substances. The charge of simple possession of marijuana related to a quantity of about 20 grams of marijuana. The charge of possession of marijuana with intent to distribute related to approximately 150 grams of a separate substance identified as "marijuana preparation," which is chemically the same as marijuana but in a different form. Because different facts were needed to establish violations of the two counts, the counts were not multiplicitous. Griffin, 765 F.2d at 682. In light of the preceding discussion, it is clear that Carbello has not overcome the strong presumption that his attorney rendered effective assistance.[2] Because we find no attorney error, we conclude that Carbello has failed to demonstrate cause for failing to raise these issues earlier. As a result, we need delve no further into the merits of Carbello's multiplicity claim.[3]
 
 
 6
 For the foregoing reasons, the judgment of the district court denying Carbello's Sec. 2255 motion is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The government could have, but failed to, argue that Carbello abused the writ by raising the multiplicity claim for the first time in his second Sec. 2255 motion. See McClesky v. Zant, 111 S.Ct. 1456 (1991). Because the government bears the burden of pleading abuse of the writ, see id. at 1470, we will not consider the issue
 
 
 [2]
 Carbello suggests that his attorney's performance was deficient because he, Carbello, later obtained, as a result of a motion under a Rule 35(a) of the Federal Rules of Criminal Procedure, a technical modification in his judgment of conviction. Because the change had no effect on his punishment and had nothing to do with the allegedly multiplicitous counts, we reject Carbello's suggestion
 
 
 [3]
 For the same reason that we found that Carbello's attorney's performance was not "cause" for Carbello's procedural default, we must reject Carbello's independent claim that his attorney rendered ineffective assistance