51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johnny L. HARDEMAN, Petitioner-Appellant,
v.
Bobby BOONE, Warden, Mack Alford Correctional Center;
Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-7127.
 United States Court of Appeals, Tenth Circuit.
 March 21, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Johnny L. Hardeman appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. 2254. Mr. Hardeman raises two issues on appeal, both regarding the fact that he received no mental competency hearing prior to his trial for first-degree murder. Mr. Hardeman first argues that the Oklahoma Court of Criminal Appeals erred in holding that he waived, by his failure to raise the issues on direct appeal, his claims that a mental competency hearing should have been conducted prior to his trial, and that the trial court's failure to conduct such a hearing stripped it of jurisdiction to render a sentence in his case. Second, Mr. Hardeman raises two ineffective assistance of counsel claims, arguing that his trial counsel was ineffective for failing to request the competency hearing, and that his appellate counsel was ineffective for failing to raise the issue on direct appeal. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 Prior to his trial for first-degree murder, Mr. Hardeman moved for a mental competency evaluation. This motion was granted by the trial court and Mr. Hardeman was evaluated at Oklahoma's Eastern State Hospital. By letter filed with the court on April 8, 1983, Dr. R.D. Garcia reported that Mr. Hardeman was in fact competent to stand trial. R. Vol. I, Doc. 6, Ex. A at 1-2. Mr. Hardeman did not request, and the court did not order a post-examination competency hearing prior to trial.
 
 
 4
 Mr. Hardeman was convicted of first-degree murder, and this conviction was affirmed on direct appeal. Hardeman v. State, 743 P.2d 148 (Okla.Crim.App.1987). He did not raise any claim relating to the lack of a mental competency hearing either on direct appeal, or in his first application for post-conviction relief. R. Vol. I, Doc. 6, Ex. A at 2; see Okla. Stat. Ann. tit. 22, 1080-1088 (West 1983) (Oklahoma Post-Conviction Procedure Act).
 
 
 5
 In his second application for post-conviction relief filed in Oklahoma state court, Mr. Hardeman raised four issues: (1) the failure of the state trial court to conduct a mental competency hearing; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; and (4) that the trial court lacked jurisdiction to impose sentence because no post-examination competency hearing was held. R. Vol. I, Doc. 6, Ex. A at 1. The Oklahoma Court of Criminal Appeals ruled that Mr. Hardeman had waived his first and fourth claims by failing to raise them on direct appeal.[2] R. Vol. I, Doc. 6, Ex. B at 2. As to the ineffective assistance of counsel claims, the court reached the merits, but determined that Mr. Hardeman had failed to demonstrate any "prejudice" as a result of counsel's failure to raise the competency hearing issue. Id.; see Strickland v. Washington, 466 U.S. 668, 691-96 (1984).
 
 
 6
 In this, his first habeas corpus petition, Mr. Hardeman has raised the same issues previously addressed by the Oklahoma Court of Criminal Appeals. The district court found that the Oklahoma Court of Criminal Appeals had clearly disposed of the lack of a competency hearing issue and the jurisdictional issue on independent and adequate state grounds. Thus, the court concluded, those claims were procedurally barred. R. Vol. I, Doc. 8 at 3-5. As to the ineffective assistance claims, the district court addressed the merits and concluded that Mr. Hardeman's claims were meritless. Id. at 2-3.
 
 DISCUSSION
 
 7
 On habeas corpus review, we accept the factual findings of the district court unless clearly erroneous and we review the court's conclusions of law de novo. Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir.1991). In reviewing the denial of a pro se litigant's petition for a writ of habeas corpus, we liberally construe the petitioner's pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972); see Lucero v. Gunter, 17 F.3d 1347, 1349 (10th Cir.1994).
 
 I. Lack of a Competency Hearing
 
 8
 Mr. Hardeman first contends that he was denied a mental competency hearing as guaranteed to him under Oklahoma law, and that the court was therefore without jurisdiction to impose sentence upon him. He further argues that the federal district court erred in holding these claims procedurally barred.
 
 
 9
 The Oklahoma statute in effect at the time of Mr. Hardeman's trial required a competency hearing to be held in cases where the defendant had sought, and received, a mental competency evaluation. Okla. Stat. Ann. tit. 22, 1175.4 (West 1986); see Id. 1175.3. Failure to conduct this mandatory hearing may have been a violation of state law. See Scott v. State, 730 P.2d 7, 7-10 (Okla.Crim.App.1986). However, in conducting habeas corpus review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," Estelle v. McGuire, 502 U.S. 62, 67 (1991); Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir.1994), and federal habeas corpus relief will not lie for errors of state law. Lewis v. Jefferies, 497 U.S. 764, 780 (1990). To the extent that Mr. Hardeman is alleging a violation of Oklahoma law, therefore, federal habeas relief is unavailable.
 
 
 10
 To the extent that this appeal presents issues of federal law, Mr. Hardeman's claims are procedurally barred. On habeas review, we do not address federal claims that have been defaulted in state court on an independent and adequate state ground unless the petitioner demonstrates cause for his default and actual prejudice as a result, or that the failure to grant relief will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993).[3]
 
 
 11
 The decision of the Oklahoma Court of Criminal Appeals, finding that Mr. Hardeman's competency hearing and jurisdictional issues were waived, clearly was independent of federal law as it was the sole basis for the court's ruling. R. Vol. I, Doc. 6, Ex. B; see Steele, 11 F.3d at 1521. Moreover, Oklahoma has consistently held that issues which can be raised on direct appeal must be raised on direct appeal or they are deemed waived. Castro v. State, 814 P.2d 158, 159 (Okla.Crim.App.1991), cert. denied, 502 U.S. 1063 (1992); see Castro v. State, 880 P.2d 387, 388 (Okla.Crim.App.1994); Rojem v. State, 829 P.2d 683, 684 (Okla.Crim.App.), cert. denied, 113 S.Ct. 420 (1992); Jones v. State, 704 P.2d 1138, 1140 (Okla.Crim.App.1985); Smith v. State, 546 P.2d 1351, 1354 (Okla.Crim.App.1976). Thus, the Oklahoma Court of Criminal Appeals holding clearly rested on adequate and independent state grounds. We therefore must consider whether Mr. Hardeman has shown cause and prejudice or a fundamental miscarriage of justice.
 
 
 12
 The fundamental miscarriage of justice exception applies only in those cases where the petitioner "supplements his constitutional claim with a colorable showing of factual innocence.' " Herrera v. Collins, 113 S.Ct. 853, 862 (1993) (quoting Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)); Steele, 11 F.3d at 1522. Because Mr. Hardeman does not argue factual innocence, the fundamental miscarriage of justice exception does not excuse his procedural default.
 
 
 13
 Mr. Hardeman argues that he had "cause" for defaulting his state claims; his appellate counsel was ineffective in failing to raise the claims on direct appeal. "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." Cook, 1995 WL 24338, at * 3; Murray v. Carrier, 477 U.S. 478, 488 (1986). However, "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, ... we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." Id. at 479. We turn then to the merits of Mr. Hardeman's ineffective assistance claims.
 
 II. Ineffective Assistance of Counsel
 
 14
 Mr. Hardeman claims that he received ineffective assistance from his trial counsel because counsel failed to request a post-examination competency hearing. He also asserts that his appellate counsel was ineffective for failing to raise the issue on direct appeal.[4]
 
 
 15
 We review claims of ineffective assistance of counsel de novo, Brecheen v. Reynolds, 41 F.3d 1343, 1365-66 (10th Cir.1994), applying the two-part analysis of Strickland v. Washington, 466 U.S. 668 (1984). Although the Court in Strickland set forth standards for determining the effectiveness of trial counsel, we apply the same two-part analysis in evaluating the constitutional effectiveness of appellate counsel. United States v. Cook, No. 93-5279, 94-5007, 94-5041, 1995 WL 24338, at * 2-3 (10th Cir. Jan. 23, 1995).
 
 
 16
 To prove that counsel's assistance was constitutionally defective, Mr. Hardeman must show that "counsel's performance was deficient" with reference to prevailing professional norms, and that "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; Brecheen, 41 F.3d at 1364; Stafford v. Saffle, 34 F.3d 1557, 1562 (10th Cir.1994). Prejudice is shown by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; United States v. Rivera, 900 F.2d 1462, 1472 (10th Cir.1990).
 
 
 17
 In some cases it may be easier to dispose of an ineffectiveness claim for lack of prejudice than to determine whether counsel's alleged errors were legally deficient. United States v. Haddock, 12 F.3d 950, 955 (10th Cir.1993). This is just such a case.
 
 
 18
 The substance of both of Mr. Hardeman's ineffective assistance claims revolves around the lack of a post-examination mental competency hearing. However, he has failed to show that, even if such a hearing had been held, the outcome of his trial would have been different. Nothing in the record suggests that Mr. Hardeman was incompetent to stand trial, and he has not come forward with any evidence which might support such a claim. Thus, even assuming that his trial counsel unreasonably failed to request the hearing and his appellate counsel unreasonably failed to appeal the issue, Mr. Hardeman simply has not shown that he suffered any prejudice as a result. An error by counsel "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. The district court properly denied habeas relief on Mr. Hardeman's ineffective assistance claims.
 
 
 19
 Because Mr. Hardeman did not receive constitutionally ineffective assistance from his appellate counsel, it follows that he has failed to establish "cause" for his procedural default and the district court properly declined to review the merits of his mental competency hearing and jurisdictional claims.
 
 
 20
 For the foregoing reasons, the petitioner's application for a certificate of probable cause is GRANTED, and the judgement of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Even apart from the procedural default, Mr. Hardeman's argument that the trial court lost jurisdiction by failing to hold a competency hearing has been directly addressed and rejected by the Oklahoma Court of Criminal Appeals. Castro v. State, 814 P.2d 158, 160 (Okla.Crim.App.1991), cert. denied, 502 U.S. 1063 (1992)
 
 
 [3]
 A state finding of procedural default is "independent" if it is "separate and distinct from federal law." Ake v. Oklahoma, 470 U.S. 68, 75 (1985); Andrews v. Deland, 943 F.2d 1162, 1188 n. 40 (10th Cir.1991), cert. denied, 502 U.S. 1110 (1992). It is "adequate" if it is "strictly or regularly followed," Hathorn v. Lovorn, 457 U.S. 255, 263 (1982), and if it is applied "evenhandedly to all similar claims." Id.; see Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Gutierrez v. Moriarty, 922 F.2d 1464, 1471 (10th Cir.), cert. denied, 502 U.S. 844 (1991)
 
 
 [4]
 We consider Mr. Hardeman's ineffective assistance of appellate counsel claim to be both a substantive claim in its own right and as "cause" for his procedural default on the competency hearing and jurisdictional claims