*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0370p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

EDWARD T. AUGUSTINE,

*Intervenor-Appellee,*

No. 04-6362

*v.*

BILLIE D. GOFORTH; MILDRED GOFORTH; AMEDICO, INC.,

*Defendants,*

THOMAS A. GILLEY, as Administrator of the Estate of George D. Gilley; SHEILA GILLEY,

*Defendants-Appellants.*

---

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 01-01540—William J. Haynes, Jr., District Judge.

Argued: September 11, 2006

Decided and Filed: October 4, 2006

Before: DAUGHTREY and COLE, Circuit Judges; BERTELSMAN, District Judge.[*]

---

## COUNSEL

**ARGUED:** Howard J. Bashman, LAW OFFICES OF HOWARD J. BASHMAN, Willow Grove, Pennsylvania, for Appellants. John K. Neal, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** Howard J. Bashman, LAW OFFICES OF HOWARD J. BASHMAN, Willow Grove, Pennsylvania, William P. Suriano, LAW OFFICES OF WILLIAM P. SURIANO, Riverside, Illinois, for Appellants. John K. Neal, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., Robert T. Bateman, BATEMAN & BATEMAN, Clarksville, Tennessee, for Appellees.

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

_____

## OPINION

_____

BERTELSMAN, District Judge.   Defendants-Appellants Sheila Gilley and Thomas A. Gilley, Independent Administrator of the Estate of George D. Gilley ("the Gilleys"), appeal the district court's grant of summary judgment to the government on claims under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3304, and common law unjust enrichment. The Gilleys argue that the district court improperly concluded that Sheila Gilley was unjustly enriched when (1) a certificate of deposit that she posted as collateral for a $725,000 bank loan to her husband's company, against which the government had filed a False Claims Act suit, was returned to her after the loan was released; and when (2) a loan of $250,000 that she made to her husband's company was repaid. Further, the Gilleys argue that the district court improperly found that monthly payments made to Sheila Gilley by her husband from 1993 to 1996 constituted fraudulent transfers under the FDCPA.

The government counters that the district court properly found that Sheila Gilley was unjustly enriched when the loans she made to her husband's insolvent company were repaid in full, while the government has never been recompensed for the money that George Gilley fraudulently obtained from it.   The government further argues that the district court correctly found that the monthly payments made by George Gilley to his wife from 1993 to 1996 were fraudulent under two separate provisions of the FDCPA because they were not made for "reasonably equivalent value" and they were made with the actual intent to defraud the government.

We conclude that the district court incorrectly entered summary judgment in the government's favor and, therefore, we **VACATE** that decision in its entirety and **REMAND** for proceedings in accord with this opinion.

## I.  BACKGROUND

In November 2000, the United States of America recovered a $10 million judgment against a defunct home health care company, Century Health Services, Inc. ("Century"), and two of its former executives, George D. Gilley and Billie D. Goforth, on claims under the False Claims Act for misuse of Medicare reimbursement funds.[1]

Unable to obtain satisfaction of this judgment from the defendants, the government filed suit in November 2001 against the wives of George D. Gilley and Billie D. Goforth, alleging that the wives should be held liable under the FDCPA and common law theories of unjust enrichment to satisfy, at least in part, the judgment rendered against their husbands.[2]

The government moved for summary judgment in August 2003. The government eventually reached a settlement with the Goforths but it proceeded to seek summary judgment against the Gilleys, based on three main arguments. First, the government asserted that Sheila Gilley was liable

_____

[1]The lengthy background to this litigation is found both in the district court's opinion herein, as well as in *United States v. Century Health Serv., Inc.*, 136 F. Supp. 2d 876 (M.D. Tenn. 2000).  That litigation began in 1996 as a *qui tam* action by relator Edward T. Augustine ("Augustine"), in which the United States intervened.  Augustine is the intervenor in this action, and he and the government apparently have reached an agreement regarding the relator's share of any amount collected on the underlying False Claims Act judgment.

[2]Also named as defendants in this action were the estate of George D. Gilley, who was by then deceased, and Amedico, Inc., a related corporate entity.  Amedico defaulted and the district court entered a judgment against it in the amount of $500,000.  That judgment is not at issue in this appeal.

under the theory of unjust enrichment in relation to a $740,000 certificate of deposit ("CD") which she owned and which, in May 1996, she put up as collateral for a $725,000 loan to Century by South Holland Bank. The CD was released to Mrs. Gilley in September 1996, when the loan was paid off with proceeds from the sale of the bulk of Century's assets to another health care company. Second, the government asserted that Sheila Gilley was liable under the principle of unjust enrichment for $250,000, the amount of a loan that she made directly to Century in April 1996, which also was repaid following the sale of Century's assets. Third, the government asserted that Sheila Gilley was liable under the FDCPA for $465,200, the total amount of monthly payments that she received from her husband from 1977 to 1996, allegedly to cover household expenses.[3]

The government based only its third claim -- the "household expense" payments -- on the FDCPA. Its summary judgment motion on the first two grounds rested only on the theory of unjust enrichment, although it made reference in its brief to the policies and considerations of the FDCPA.

In an opinion and order dated August 17, 2004, the district court found in favor of the government and entered judgment in the amount of $1,069,600, consisting of: (1) $725,000, the amount of the South Holland Bank loan to Century which was secured by Sheila Gilley's CD; (2) $250,000, the amount of the April 1996 loan made by Sheila Gilley to Century; and (3) $94,600, the sum of monthly payments made by George Gilley to his wife from 1993 to 1996.[4] The court based its award on the first two components of the judgment on *both* the FDCPA, 28 U.S.C. § 3304(a)(2), and the theory of unjust enrichment. Its award on the third component was based only on the FDCPA, 28 U.S.C. § 3304(a)(1).

In their timely appeal, the Gilleys challenge all aspects of the district court's opinion, order, and judgment.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction over this case pursuant to 28 U.S.C. § 1345 because the United States was the plaintiff, as well as under 28 U.S.C. § 1331, because the action arose under a federal statute, the FDCPA. This court has appellate jurisdiction under 28 U.S.C. § 1291.

This court reviews *de novo* the district court's grant of summary judgment. *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 619 (6th Cir. 2006) (citation omitted). In reviewing the record in this case, we draw all reasonable inferences in favor of defendants as the nonmovants. *Id.* (citation omitted).

## III. ANALYSIS

### A. Unjust Enrichment[5]

The elements of an unjust enrichment claim under Tennessee law, which the parties agree applies here, are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the

---

[3] These monthly payments ranged from $1800 to $2000.

[4] The court found that, as to the pre-1993 transfers, the government could not prove by clear and convincing evidence that George Gilley made such payments in order to defraud creditors, as required under 28 U.S.C. § 3304(b).

[5] Although the district court relied on the FDCPA in analyzing the two loans at issue, the government concedes on appeal that it never asserted the FDCPA as a basis for those claims and that it is relying here only on the theory of unjust enrichment. The government also essentially concedes that it did not seek recovery under the FDCPA as to these two transactions because such claims would have been time-barred.

defendant of such benefit; and (3) acceptance of such benefit under such circumstances that it would be inequitable for him or her to retain the benefit without payment of the value thereof. *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (citation omitted). "Under Tennessee law, to establish an unjust enrichment claim, a plaintiff must have conferred a benefit upon the defendant." *Perry v. The American Tobacco Co., Inc.*, 324 F.3d 845, 851 (6th Cir. 2003) (citing *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150, 155 (1966)).

The government's claims for unjust enrichment against Sheila Gilley based on the release of her CD by the South Holland Bank and the repayment by Century of the $250,000 loan fail because the government conferred no benefit, directly or indirectly, on Sheila Gilley in connection with these transactions. It is undisputed that the CD was at all times Sheila Gilley's property and, upon repayment of the South Holland Bank loan, the encumbrance incurred through its collateralization was simply released. Sheila Gilley was left with nothing more than what she owned in the first place. Similarly, the repayment by Century of the $250,000 loan from Sheila Gilley was simply the fulfillment of a contractual obligation, and it conferred no "benefit" on Gilley.

In analogous circumstances, courts have found that the theory of unjust enrichment may not be used to allow a stranger to a loan contract or promissory note to seek funds repaid pursuant to such an agreement. For example, in *Comerica v. Suburban Trust and Savings Bank*, No. 95-1551, 1996 WL 585888 (6th Cir. Oct. 10, 1996), we held that the repayment of loans by a company who fraudulently pledged the same collateral to different lenders did not unjustly enrich the lender who was repaid while other lenders' loans went unsatisfied. Applying the Michigan standard for unjust enrichment, which is arguably broader than Tennessee's, this court nonetheless found that the repayment of a loan under such circumstances did not support a claim for unjust enrichment:

> First, Comerica has failed to establish that Columbia received any "benefit" from Comerica. The record reflects that Columbia loaned Computer Leasco $1.87 million in exchange for a promissory note, which was repaid in full. Comerica does not allege that Columbia was paid more than what was due. Unlike the cases cited by Comerica, no benefit arose from plaintiff that was inappropriately or illegally transferred to defendant. . . . Second, no inequity has been shown by Columbia's retention of the amounts it was owed. To allow Comerica to recover against Columbia would be to substitute one promisor, in this case Computer Leasco, with another, Columbia, an impermissible result under unjust enrichment law.

*Id.* at *8 (citations omitted). *See also Voest-Alpine Trading USA Corp. v. Vantage Steel Corp.*, 919 F.2d 206, 220-21 (3d Cir. 1990) (holding that trial court exceeded its discretion in fashioning remedy for fraudulent conveyance by entering judgment for unsecured creditor which was stranger to loan guarantee contract).

In *B.E.L.T., Inc. v. Wachovia Corp.*, 403 F.3d 474 (7th Cir. 2005), several banks that had lost money to an insolvent borrower sued another bank, First Union, that had been repaid on loans it issued to the same borrower. Seeking to recoup those repayments, the plaintiff banks asserted several theories, including unjust enrichment. The Seventh Circuit rejected their claim, stating: "Anyway, repayment of a loan is not 'unjust' enrichment." *Id.* at 477.

Similarly, in *Nat'l Am. Ins. Co. v. Indiana Lumbermens Mut. Ins. Co.*, No. 99-2637, 2000 WL 975176 (7th Cir. July 11, 2000), the plaintiffs issued performance bonds to a construction company which, in turn, used funds intended for certain construction projects to pay creditors on other projects that were bonded by defendants. When the construction company defaulted on several projects bonded by the plaintiffs, plaintiffs were forced to perform. Thereafter, they sued the defendant bond issuers on the theory of unjust enrichment seeking to recover the amounts they had been repaid by the construction company. The Seventh Circuit rejected this claim as a matter of law,

stating there could be no unjust enrichment where the alleged "enrichment" was "innocently conferred by a third party according to a contractual or legal obligation." *Id.* at \*3 (citations omitted). Thus, because the defendants' "benefit" -- not having to perform on their bonds -- was a consequence of the repayments to creditors that the construction company was contractually required to make, such benefit was not unjust and did not violate "fundamental principles of justice, equity, and good conscience." *Id.* (citation omitted).

The reasoning of these cases is persuasive. Here, the government was a stranger to the respective loan agreements between Sheila Gilley, South Holland Bank, and Century. Sheila Gilley did not receive an unjust benefit just because the loans were repaid: she received nothing more than that to which she was contractually entitled. The theory of unjust enrichment is simply inapplicable to these facts.[6]

The government essentially argues that these transactions are akin to preferences, such as would be voidable in bankruptcy. A preference, however, is a creature of statute rather than tort. *See B.E.L.T.*, 403 F.3d at 477 ("Calling the receipt of a preference 'unjust enrichment' does not change matters; a preference by any other name is still a preference and cannot be recovered outside bankruptcy."). Moreover, there is no evidence that Sheila Gilley's possession of the CD or the $250,000 was fraudulent.

Therefore, we vacate the district court's grant of summary judgment in favor of the government on its claim for unjust enrichment against Sheila Gilley.

### B.    FDCPA

#### 1.    *§ 3304(a)(1)(A)*

The district court held that the government was entitled to recover $94,600 from defendants under the FDCPA, 28 U.S.C. § 3304(a)(1)(A), for monthly transfers made by George Gilley to his wife from 1993 to 1996. That portion of the FDCPA states:

> **(a) Debt arising before transfer.** -- Except as provided in section 3307, a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States which arises before the transfer is made or the obligation is incurred if --
>
> > **(1)(A)** the debtor makes the transfer or incurs the obligation *without receiving a reasonably equivalent value* in exchange for the transfer or obligation; and
> >
> > **(B)** the debtor is insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation.

28 U.S.C. § 3304(a)(1) (emphasis added).

The terms "reasonably equivalent value" and "value" are both defined in the FDCPA:

> **(a) Transaction.** -- Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied,

---

[6]The district court's opinion contains no analysis as to the unjust enrichment claim. Instead, it recites the elements of a FDCPA fraudulent transfer claim. As previously noted, however, the government did not premise its claims as to the two loan transactions on that statute because they likely would have been time-barred. Thus, the government's claims as to these two loan transactions rise or fall only on the theory of unjust enrichment.

but value does not include an unperformed promise made otherwise than in the ordinary course of the promisor's business to furnish support to the debtor or another person.

**(b) Reasonably equivalent value.** -- For purposes of sections 3304 and 3307, a person gives a reasonably equivalent value if the person acquires an interest of the debtor in an asset pursuant to a regularly conducted, noncollusive foreclosure sale or execution of a power of sale for the acquisition or disposition of such interest upon default under a mortgage, deed of trust, or security agreement.

28 U.S.C. § 3303(a), (b).

The district court held that the payment of household expenses by Sheila Gilley in return for the monthly payments from her husband would not constitute "reasonably equivalent value" under the FDCPA. In support, the district court cited one case, *Carneal v. Leighton*, 237 F. Supp.2d 104, 110 (D. Me. 2002), in which the court held that under the Maine Uniform Fraudulent Transfer Act, a husband's transfer of money to his wife for the payment of household expenses and the support of the children was fraudulent because he did not receive "reasonably equivalent value" in return.

Although the district court cited no cases contrary to *Carneal*, we note that the greater weight of authority holds, in cases applying state statutes comparable to the FDCPA as well as in bankruptcy cases applying a similar fraudulent transfer provision[7], that a debtor does indeed receive "reasonably equivalent value" when he/she makes payments to his/her spouse (or co-habitant) that are used for household expenses. *See Gonzalez v. Wells Fargo Bank, N.A.* (*In re Gonzalez*), 342 B.R. 165, 172-73 (Bankr. S.D.N.Y. 2006); *Slone v. Brennan* (*In re Fisher*), No. 03-33161, 2006 WL 1452498, at *7-8 (Bankr. S.D. Ohio Jan. 20, 2006); *Schilling v. Montalvo* (*In re Montalvo*), 333 B.R. 145, 150 (Bankr. W.D. Ky. 2005); *Morris v. Vansteinberg* (*In re Vansteinberg*), No. 01-15474, 02-5151, 2003 WL 23838125, *5-6 (Bankr. D. Kan. Nov. 26, 2003); *Reitmeyer v. Meinen* (*In re Meinen*), 232 B.R. 827, 842-43 (Bankr. W.D. Penn. 1999).

Here, Sheila Gilley submitted affidavit testimony stating that the monthly allowances she received from her husband were used to pay living expenses such as food, clothing, utilities, gasoline, property taxes, and travel expenses. The government adduced no evidence to contradict this testimony. We therefore hold that the district court erred by granting summary judgment to the government on this claim.

### 2.    *§ 3304(b)(1)(A)*

The district court also held that the monthly transfers from George Gilley to Sheila Gilley from January 1993 through December 1996 were fraudulent on the alternative ground that they were made with the intent to hinder, delay, and defraud the government, within the parameters of 28 U.S.C. § 3304(b)(1)(A).

The government argues that the Gilleys have waived any challenge to this alternative holding because they did not argue it in their opening brief. The Gilleys counter that their extensive arguments as to "reasonably equivalent value" preserve their challenge to this alternative ground because the FDCPA provides a defense to claims under § 3304(b) for transfers "with respect to a

---

[7]Section 548(a)(1)(B) of the Bankruptcy Code permits the trustee to avoid "constructive fraudulent transfers" which are defined, in part, as ones for which the debtor receives "less than a reasonably equivalent value." 11 U.S.C. § 548(a)(1)(B). At least one court has noted the applicability of bankruptcy cases applying this provision to cases brought under the fraudulent transfer provisions of the FDCPA. *See Vancampen v. United States*, No. Civ. A. 95-1436-FGT, 1997 WL 873537, at *4 (D. Kan. July 9, 1997).

person who took in good faith and for a reasonably equivalent value or against any transferee or obligee subsequent to such person." 28 U.S.C. § 3307(a).

We have held that where an argument advanced in an appellant's opening brief applies to and essentially subsumes an alternative basis for affirmance not separately argued therein, the appellant does not waive that alternative basis for affirmance. *Stambaugh v. Corrpro Co.*, No. 03-3904, 2004 WL 2625036, at *5 (6th Cir. Nov. 17, 2004). Because the Gilleys' arguments regarding "reasonably equivalent value" would apply equally to the defense under § 3307(a), this authority would negate the government's waiver argument.

However, it is not apparent to us that this defense was raised before the district court. If it was, we nonetheless conclude that, inasmuch as the Gilleys concede that there is a triable issue concerning whether and when Sheila Gilley had reasonable cause to believe that her husband was insolvent, there would likewise be a triable issue as to the "good faith" component of § 3307(a).

## IV.  CONCLUSION

For the aforementioned reasons, we **VACATE** the judgment of the district court and **REMAND** for proceedings in accord with this opinion.