BOGGS, Circuit Judge,
concurring in part and dissenting in part.
The majority — quite correctly, in my view — concludes that the Michigan courts’ summary orders citing Guilmette’s “fail[ure] to meet the burden of establishing entitlement to relief under MCR 6.508(D)” are unexplained orders subject to look-through under Ylst v. Nunnemaker, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). While Judge Griffin notes that these orders, which do cite a code provision, do not literally “say nothing,” Dissent at 301 (quoting Ylst, 501 U.S. at 804, 111 S.Ct. 2590) (emphasis added), the Court clearly did not intend to set the bar for finding an order unexplained quite that high. See Ylst, 501 U.S. at 805, 111 S.Ct. 2590 (holding order unexplained where, “although ... it was not utterly silent, neither was it informative with respect to the question” of whether a procedural bar was actually applied). Because MCR 6.508(D) appears to embrace both a substantive and a procedural component, see Ivory v. Jackson, 509 F.3d 284, 292 (6th Cir.2007), I agree that a bare citation to that provision is simply not “informative with respect to the question before us.” Ylst, 501 U.S. at 805, 111 S.Ct. 2590.[1]
I part company with the majority, however, as to the ultimate resolution of this particular appeal. After rejecting the state’s procedural-bar argument, the majority concludes that the state waived on appeal any objection to the district court’s merits holding that Guilmette received ineffective assistance of counsel, and that the writ must therefore issue. I cannot agree.
Part I of the state’s brief on appeal makes the argument — which we reject today — that this court lacks jurisdiction over Guilmette’s habeas petition because the Michigan courts’ summary orders establish that Guilmette’s claims are procedurally defaulted. Part II of the state’s appellate brief then goes on to argue that the “cause and prejudice” exception to the procedural-default bar does not apply because Guilmette did not receive ineffective assistance of counsel. The heading of that portion of *294 the state’s brief urges us to conclude that “[b]ecause the State court’s decision that trial and appellate counsel were not constitutionally ineffective is not contrary to established federal law, Petitioner has failed to show good cause or prejudice ... to excuse his procedural default.” Appellant’s Br. at 22 (emphasis added). The body of that section contains a fully developed argument, citing relevant federal case law, that trial counsel was not ineffective — and, a fortiori, that the state post-conviction review court did not unreasonably apply Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in so holding — -because counsel’s decision to assert a mistaken-identity defense rather than dispute the element of entry was a “strateg[icj” choice which “could have been successful.” Appellant’s Br. at 25.
There is, of course, no separate section in the state’s appellate brief dedicated to “the merits” of Guilmette’s underlying habeas claim premised on ineffective assistance of counsel. In other words, the state does not say, in so many words, that even if we do not read the Michigan courts’ summary orders as indicating reliance on procedural default, Guilmette still loses “on the merits.” But this should be irrelevant, as the very same ineffective-assistance claim serves “both as an independent [substantive ground for habeas relief] and as cause and prejudice to excuse a procedural default....” Becht v. United States, 403 F.3d 541, 545 (8th Cir.2005).[2]
In addressing the issue of procedural default, furthermore, the state invoked the standard of review that applies when a federal court reviews a habeas petition on the merits. Specifically, it is the law of this circuit that the “higher AEDPA standard of review” applies when we address a habeas petitioner’s underlying ineffective-assistance claim on the merits, but not when we address whether ineffective assistance of counsel exists to excuse a procedural default. Hall v. Vasbinder, 563 F.3d *295 222, 286-37 (6th Cir.2009). In other words, we do not defer to a state court’s determination of whether ineffective assistance occurred for purposes of our cause- and-prejudice analysis, although we do defer once we reach the merits of a habeas petitioner’s Sixth Amendment claim. Ibid. In this case, although the state discussed ineffective assistance only in the portion of its brief dealing with cause and prejudice, it nonetheless correctly addressed Guilmette’s ineffective-assistance claim under the higher AEDPA standard of review. See Appellant’s Br. at 25 (“It cannot be said that the [state] court’s decision was an unreasonable application of Strickland. ...”). The state would have had no need to invoke the AEDPA “unreasonable application” standard if it actually intended to waive its merits argument and pin its hopes for reversal entirely on procedural default. This supports the conclusion that the state did not intend to waive its merits argument in this case.
This court’s precedents further compel that conclusion. In fact, in another recent habeas case, Thompkins v. Berghuis, a panel of this court rejected a waiver argument substantially identical to the one the majority accepts today. 547 F.3d 572 (6th Cir.2008), rev’d on other grounds, — U.S. -, 130 S.Ct. 2250, 176 L.Ed.2d 1098 (2010). In Thompkins, the petitioner’s appellate brief addressed the merits of his ineffective-assistance claim, but “failed to argue for the existence of cause and prejudice to excuse his procedural default.” Id. at 588. The warden submitted that any argument that cause and prejudice existed was therefore waived. Ibid. Although the panel found the petitioner’s failure to explicitly address procedural default “troubling,” it noted that “the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of [the] ineffective assistance of counsel claim” and, “given the overlapping analysis,” considered the petitioner’s ineffective-assistance arguments for both purposes. Id. at 589. This case is the same, except that it is the merits argument, rather than the “overlapping” procedural-default argument, which has not been made explicit.
We have invoked this “merge[r]” or “overlapping analysis” rule numerous times to reject waiver arguments asserted against appellants, irrespective of whether those appellants were plaintiffs or defendants below. For example, in Stambaugh v. Corrpro Companies, the district court had dismissed the plaintiffs securities-fraud complaint both (1) because it failed to plead adequately the statutory element of scienter, and (2) because it failed to satisfy the requirement of Federal Rule of Civil Procedure 9(b) that fraud claims be pleaded with particularity. 116 Fed.Appx. 592, 595-96 (6th Cir.2004). Even though the plaintiffs appellate brief took issue with only one of the district court’s two equally sufficient grounds for dismissal, we declined the defendant’s invitation to “summarily affirm[]” the district court’s judgment “because [plaintiff] failed to appeal an ‘alternate’ ground of that decision.” Id. at 596. Our reasoning resembled the panel’s reasoning in Thompkins:
[T]he district court ruled both that Leviticus had failed to allege particularized facts giving rise to a strong inference of scienter, as required by the PSLRA, and that Leviticus failed to plead fraud with particularity as required by Fed. R.Civ.P. 9(b). Corrpro now argues that Leviticus, in its appellants’ brief, failed to dispute the district court’s decision with respect to Fed.R.Civ.P. 9(b), that this constitutes a waiver of any argument that the Rule 9(b) ruling was incorrect, and that therefore the district court’s decision should be summarily af *296 firmed because one basis of that decision has not been appealed.
If a party does not raise an issue in its appellant’s brief, then that issue is waived.... Leviticus did not separately argue that its complaint satisfied Rule 9(b); rather, Leviticus only argued that the complaint had adequately pled scienter, as required by the PSLRA.
In this case, although the issue is close, Leviticus’s arguments regarding scienter are sufficient to preserve its appeal of the Rule 9(b) dismissal. We do not generally condone making arguments by inference. [However, i]n this case, the district court’s ruling that the complaint failed to satisfy Fed.R.Civ.P. 9(b) revolved entirely around the requirement that a plaintiff allege fraudulent intent. The district court’s explanation of how the complaint failed to allege fraudulent intent mirrors its explanation of how the complaint failed to plead scienter as required by the PSLRA. Therefore, if Leviticus is correct that the complaint satisfies the PSLRA’s pleading standard, then the complaint would also satisfy Rule 9(b). The inference that Appellants also challenge the district court’s alternative ground is thus sufficiently clear, and this court can consider the merits of Leviticus’s appeal.
Id. at 596 (internal citations omitted) (emphasis added).
We relied on Stambaugh’s reasoning in United States v. Goforth, a published decision involving the Federal Debt Collection Procedures Act. 465 F.3d 730 (6th Cir. 2006). There, the district court held that the defendant spouses had made fraudulent transfers both (1) because “the payment of household expenses by [the wife] in return for the monthly payments from her husband would not constitute ‘reasonably equivalent value’ under [28 U.S.C. § 3304(a) ],” and (2) because the payments “were made with the intent to hinder, delay, and defraud the government, within the parameters of 28 U.S.C. § 3304(b)(1)(A).” Id. at 735-36. On appeal, we rejected a waiver argument — this time, asserted against the defendants — for reasons that should be familiar by now:
The government argues that the Gilleys have waived any challenge to [the district court’s] alternative holding [under § 3304(b)(1)(A)] because they did not argue it in their opening brief. The Gilleys counter that their extensive arguments as to “reasonably equivalent value” [under § 3304(a) ] preserve their challenge to this alternative ground because the FDCPA provides a defense to claims under § 3304(b) for transfers “with respect to a person who took in good faith and for a reasonably equivalent value or against any transferee or obligee subsequent to such person.” 28 U.S.C. § 3307(a).
We have held that where an argument advanced in an appellant’s opening brief applies to and essentially subsumes an alternative basis for affirmance [or reversal] not separately argued therein, the appellant does not waive that alternative basis for affirmance [or reversal]. Stambaugh v. Corrpro Co., Inc., No. 03-3904, 2004 WL 2625036, at *5 (6th Cir. Nov.17, 2004). Because the Gilleys’ [expressly asserted] arguments regarding “reasonably equivalent value” would apply equally to the defense under § 3307(a) [not expressly argued], this authority would negate the government’s waiver argument.
Id. at 736-37 (emphasis added).[3]
We have quoted and applied the rule in Goforth in at least two other cases — one *297 published and one not. See Sunarto v. Mukasey, 306 Fed.Appx. 957, 961-62 (6th Cir.2009) (“Because the analysis of [petitioner] Sunarto’s [immigration] claims is largely the same under both reconsideration and reopening, we believe that Sunarto’s arguments with respect to the reopening claims [not expressly addressed in his appellate brief] are sufficiently subsumed by his arguments on the reconsideration claims and that [the Goforth ] exception applies.”); Madden v. Chattanooga City Wide Serv. Dep't, 549 F.3d 666, 673 (6th Cir.2008) (“[Defendant-appellant] fails to make any arguments in its briefs as to [plaintiffs Tennessee Human Rights Act] claims, [which the district court found meritorious] .... [However, b]eeause the analysis of [plaintiffs] claims is the same under both Title VII and the THRA, we believe that [defendant-appellant’s latent] arguments with respect to the THRA claims are sufficiently subsumed within its [express] arguments on the Title VII claims for [the Goforth] exception to apply.”).
Again, I believe that these precedents compel the conclusion that the state did not waive its merits argument, as that argument “merges with,” shares an “overlapping analysis” with, “mirrors,” and/or is “essentially subsume[d]” within its cause- and-prejudiee argument. Accordingly, I would reach the merits of Guilmette’s ineffective-assistance claim.
In so doing, I would find that Guilmette failed to establish ineffective assistance of trial counsel (and thus, that appellate counsel was not ineffective for failing to argue trial counsel’s ineffectiveness). As the panel majority compellingly explained, “Guilmette’s counsel had a promising mistake-of-identity defense based upon the victim’s questionable identification, Guilmette’s plausible alibi, and the inconsistency between the victim’s description of Guilmette’s actions and the testimony regarding Guilmette’s inoperable driver-side door.” Guilmette v. Howes, 591 F.3d 505, 510 (6th Cir.2010). Further, if Guilmette’s counsel had contested the element of entry, as Guilmette now argues they should have done, “it might have either removed the focus from or undermined the credibility of the defense’s misidentification argument.” Id. at 511.
Indeed, as the panel majority noted, Guilmette’s trial counsel strongly argued to the jury in closing that “the jury ought to find the defense more credible because defense counsel, unlike the prosecutor, had refrained from making inconsistent alternative arguments.” Ibid. The defense began its closing argument by stating bluntly, “This is a case about identification. Not about whether a burglary occurred. And whether a suspect that has been brought in front of you, Mr. Bruce Guilmette[,] is the right person.” The defense concluded with the following plea: “Don’t let the only thing worse ... than what happened to [the victim] happen to Mr. Guilmette. Because, the evidence shows they’ve got the wrong person.” Defense counsel underscored the consistency of their single theory, emphasizing that “[a]t no time has anyone on the defense ... tr[ied] to persuade you that what [the victim] said ... didn’t happen.” By contrast, defense counsel characterized the prosecution as “wanting] it both ways,” since the prosecution argued both that Guilmette had enlisted another person to impersonate him at a methadone clinic in order to *298 create a false alibi, and that enough time had elapsed between the break-in and Guilmette’s sign-in at the methadone clinic for Guilmette to have been at both places. This sensible attack would, of course, have been foreclosed had the defense itself advanced inconsistent theories.
Trial counsel’s decision to present one consistent, relatively strong mistaken-identity defense to the jury, rather than arguing that “Guilmette didn’t do it — but if he did do it, he didn’t actually place any part of his body inside the victim’s house,” appears to have been a reasonable strategic choice. An attorney “could reasonably choose to avoid confusing the jury with alternative defenses.... ” United States v. Smith, 10 F.3d 724, 729 (10th Cir.1993); see also Strickland, 466 U.S. at 689, 104 S.Ct. 2052 (“[A] court must indulge a strong presumption ... that, under the circumstances, the challenged action might be considered sound trial strategy.” (internal quotation marks omitted)). Guilmette, therefore, cannot satisfy the Strickland standard; a fortiori, the state trial court’s decision on post-conviction review that counsel was not ineffective was not unreasonable. See Knowles v. Mirzayance, — U.S. -, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (“The question [under AEDPA] is not whether a federal court believes the state court’s determination under the Strickland standard was incorrect but whether that determination was unreasonable — a substantially higher threshold.” (internal quotation marks omitted)).
In conditionally granting the writ on the basis of ineffective assistance of counsel, the district court incorrectly applied Strickland and AEDPA. The state’s appellate brief explicitly argued just that. I therefore respectfully dissent from this court’s ultimate decision to affirm the district court’s judgment.

. Had the state courts' orders explicitly cited the subsection of the Rule that references procedural default, the basis for the orders would have been clear. See MCR 6.508(D)(3) (stating that a court may not grant relief to a defendant who "alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter”). In that case, a reviewing court could conclude that the state had applied a procedural bar.

. See also DeYoung v. Schofield, 609 F.3d 1260, 1278 n. 19 (11th Cir.2010) ("DeYoung’s claim of ineffective assistance ... must fail both as a separate claim of relief and as cause to excuse the procedural default....”); Pignataro v. Poole, 381 Fed.Appx. 46, 49-50 (2d Cir.2010) (unpublished) ("Appellant is not entitled to habeas relief on his ineffective assistance of appellate counsel claim and, for the same reasons, has not shown prejudice sufficient to excuse the procedural default....”); Caver v. Straub, 349 F.3d 340, 345 (6th Cir. 2003) ("The district court found that Caver’s appellate counsel had been ineffective ..., thus establishing both a separate constitutional defect and cause and prejudice sufficient to excuse the procedural default...."); Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998) ("Because the same legal standards govern petitioner's underlying claim of ineffective assistance of counsel and his closely related burden to show cause for his state law procedural default, we must determine whether petitioner has shown cause concurrently with the merits of his ineffective assistance of counsel claim.”); Hardeman v. Boone, 51 F.3d 286, 1995 WL 147514, at *4 n. 4 (10th Cir.1995) (unpublished table decision) ("We consider Mr. Hardeman’s ineffective assistance of appellate counsel claim ... both [as] a substantive claim in its own right and as 'cause’ for his procedural default....”); Carbello v. United States, 1 F.3d 1244, 1993 WL 269502, at *2 n. 3 (7th Cir. 1993) (unpublished table decision) ("For the same reason that we found that Carbello’s attorney’s performance was not 'cause’ for Carbello’s procedural default, we must reject Carbello’s independent claim that his attorney rendered ineffective assistance.”); Williams v. McCarthy, 879 F.2d 866, 1989 WL 76884, at *2 (9th Cir. 1989) (unpublished table decision) ("For the same reasons that we reject the claimed ineffective assistance of counsel as cause for procedural default, we reject it as an independent claim for relief.”); Cook v. Foltz, 814 F.2d 1109, 1114 (6th Cir.1987) (Merritt, L, concurring) ("Mr. Cook’s claim of ineffective assistance is offered both as cause for his procedural default in state court and as a substantive ground for habeas relief.”).

. While the opinion in Goforth used only the word “affirmance,” rather than “affirmance *297 or reversal,” it is clear that the panel meant to include reversal, because the allegedly waived argument that the Goforth panel was addressing was asserted by the appellant— who obviously was seeking reversal, not affirmanee. Similarly, in Stambaugh, on which the Goforth panel relied, the argument that was found unwaived sought reversal, not affirmance.