*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0333p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────



BRUCE GUILMETTE,

*Petitioner-Appellee,*

*v.*

No. 08-2256

CAROL R. HOWES, Warden,

*Respondent-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 05-72646—Victoria A. Roberts, District Judge.

Argued: June 9, 2010

Decided and Filed: October 21, 2010

Before: BATCHELDER, Chief Judge; MARTIN, BOGGS, MOORE, COLE, CLAY,
GILMAN, GIBBONS, ROGERS, SUTTON, COOK, McKEAGUE, GRIFFIN,
KETHLEDGE, and WHITE, Circuit Judges.

─────────────────

## COUNSEL

**ARGUED:** Brad H. Beaver, OFFICE OF THE MICHIGAN ATTORNEY GENERAL,
Lansing, Michigan, for Appellant. Kimberly Thomas, MICHIGAN CLINICAL LAW
PROGRAM, Ann Arbor, Michigan, for Appellee. **ON BRIEF:** Brad H. Beaver,
OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for
Appellant. Kimberly Thomas, MICHIGAN CLINICAL LAW PROGRAM, Ann Arbor,
Michigan, for Appellee.

ROGERS, J., delivered the opinion of the court, in which MARTIN, MOORE,
COLE, CLAY, GIBBONS, SUTTON, COOK, KETHLEDGE, and WHITE, JJ., joined,
and in which BATCHELDER, C.J., BOGGS, GILMAN, and McKEAGUE, JJ., joined
with respect to Parts I and II only. BOGGS, J. (pp. 10–17), delivered a separate opinion
concurring in part and dissenting in part, in which BATCHELDER, C.J., GILMAN, and
McKEAGUE, JJ., joined. GRIFFIN, J. (pp. 18–33), delivered a separate dissenting
opinion.

1

―――――――――――

**OPINION**

―――――――――――

ROGERS, Circuit Judge.  A Michigan jury found petitioner Bruce Guilmette guilty of first-degree home invasion.  On state collateral review, Guilmette argued—for the first time—that his trial counsel had been constitutionally ineffective.  The state trial court denied Guilmette's claim on the merits, and both the state intermediate and supreme courts denied leave to appeal in brief and substantively identical orders.  A federal district court granted Guilmette a conditional writ of habeas corpus after determining that Guilmette's trial attorneys were constitutionally ineffective.  The state now appeals, arguing that Guilmette procedurally defaulted his ineffective-assistance claim by failing to raise it during his direct appeal, and that the state supreme court's brief order enforced that procedural rule.  However, because the state supreme court's order was unexplained (by which we mean the text of the order fails to disclose the reason for the judgment) and the last reasoned state court decision was on the merits, the state courts never enforced a procedural bar to Guilmette's claim.  The state is therefore not entitled to appellate relief.

I.

At approximately noon on January 7, 1999, a man forced open the locked front door of Joan McCormick's home while McCormick sat in her living room.  McCormick fell down during her attempt to flee into the interior of her house, and when she looked back at the door after her fall, the man was already fleeing the scene.  McCormick identified the petitioner, Bruce Guilmette, out of two photographic lineups during the following weeks.  The state prosecuted Guilmette for first-degree home invasion.  At trial, the prosecution introduced two photographs that were purportedly of the perpetrator's footprints in the snow around McCormick's home:  one taken by a police officer who had investigated the crime, and a second taken by McCormick after the police officer had departed.  McCormick's photograph was of a footprint on the threshold of her door, and the state relied upon that photograph at trial to establish the

"entry" element of the alleged crime.  *See* Mich. Comp. Laws § 750.110a(2).  Rejecting Guilmette's arguments that McCormick had misidentified him, a jury found Guilmette guilty of first-degree home invasion.  For a more detailed recitation of the facts of the alleged home invasion and Guilmette's trial, see *Guilmette v. Howes*, 591 F.3d 505 (6th Cir. 2010) (vacated pursuant to March 12, 2010 order granting rehearing en banc).

After an unsuccessful direct appeal, Guilmette filed for state post-conviction review, arguing for the first time that his trial counsel had been ineffective for failing to investigate differences between the two photographed footprints.  Guilmette argued that this error was prejudicial because the photographs were the only proof of entry.  Guilmette also argued that his appellate counsel had been ineffective for failing to argue ineffective assistance of trial counsel.  The state trial court denied these claims on the merits, determining that Guilmette's trial counsel had not been ineffective because focusing on identification at the expense of arguing the elements of the crime was a reasonable trial strategy, and that his appellate counsel had not been ineffective for failing to raise a meritless claim of ineffective assistance of trial counsel.  In the trial court's words, Guilmette "failed to meet his burden in demonstrating that either his trial counsel's or appellate counsel's performance fell below an objective standard of reasonableness."  Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal, issuing substantively identical orders stating that Guilmette had failed "to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508(D)."

Guilmette petitioned for habeas relief based on the two ineffective-assistance claims that he raised on state collateral review.  The district court granted a conditional habeas writ, finding that Guilmette's trial counsel were constitutionally ineffective because they failed to investigate the differences between the two photographs. *Guilmette v. Howes*, 577 F. Supp. 2d 904, 910-16 (E.D. Mich. 2008).  The district court determined that Guilmette had not procedurally defaulted this claim, citing *Abela v. Martin*, 380 F.3d 915, 922-24 (6th Cir. 2004), for the proposition that some orders citing Rule 6.508(D) do not invoke a procedural bar.  *Guilmette*, 577 F. Supp. 2d at 909-10.

The state appealed, arguing that Guilmette procedurally defaulted his ineffective-assistance claim and that he failed to establish cause and prejudice for that default. A panel of this court reversed the district court's judgment. *Guilmette*, 591 F.3d 505. Over a dissent, the panel held that, given the precise procedural history presented by this case, precedent compelled the conclusion that Michigan had applied a procedural bar to Guilmette's claims for relief, and thus that Guilmette's claims were procedurally defaulted. *Id.* at 508-11. We granted en banc review to determine whether a brief Michigan appellate court order citing Rule 6.508(D) is an explained order from which federal courts can determine whether the basis of the state court decision was procedural rather than merits-based.

## II.

Brief orders citing Michigan Court Rule 6.508(D) are not explained orders invoking a procedural bar. We reach this result because holdings from the Michigan courts indicate that the language used by such summary orders can refer to the petitioner's failure to establish entitlement to relief either on the merits or procedurally, and such ambiguity demands a determination that the orders are not explained. A habeas petitioner procedurally defaults a claim if:

> (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

*Tolliver v. Sheets*, 594 F.3d 900, 928 n.11 (6th Cir. 2010) (citing *Maupin v. Smith*, 785 F.3d 135, 138 (6th Cir. 1986)). The second part of this rule requires federal courts to determine the basis on which state courts rejected a given claim, and this court has struggled with this interpretive task in the context of Michigan court orders citing Rule 6.508(D). *See, e.g.*, *Alexander v. Smith*, 311 F. App'x 875, 882 (6th Cir. 2009) (discussing how an "apparent conflict within this circuit's precedent" has "[c]omplicat[ed] matters" with respect to this question). Rule 6.508(D) provides:

Entitlement to Relief.  The defendant has the burden of establishing entitlement to the relief requested.  The court may not grant relief to the defendant if the motion

(1)     seeks relief from a judgment of conviction and sentence that still is subject to challenge on [direct] appeal . . . ;

(2)     alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;

(3)     alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a)     good cause . . . , and

(b)     actual prejudice . . . .

. . . .

The court may waive the "good cause" requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime.

In some cases, the context of a brief order citing Rule 6.508(D) clearly indicates that the state appellate court is affirming the lower court's determination that a petitioner's claims are procedurally defaulted.  *See, e.g.*, *Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007) ("Never, at any point in Ivory's postconviction proceedings, did a Michigan court address the merits of his ineffective-assistance-of-trial-counsel claim.").  Our earliest case directly addressing whether brief orders citing Rule 6.508(D) are explained orders was such a case.  *See Simpson v. Jones*, 238 F.3d 399, 403, 408 (6th Cir. 2000).

But Michigan cases also reveal that some orders citing Rule 6.508(D) deny post-conviction relief on the merits.  In *People v. Jackson*, the Michigan Supreme Court held that Rule 6.508(D) applied to convictions handed down before the effective date of that rule.  633 N.W.2d 825, 826 (Mich. 2001).  The petitioner in *Jackson*, Michael T. Jackson, was sixteen at the time of his offense, and a juvenile court had waived jurisdiction over his case before he had been tried as an adult.  *Id.* at 827.  Jackson argued that this waiver was improper, and the state trial court on post-conviction review denied this claim on the merits.  *Id.* at 828-29.  Before the Michigan Supreme Court,

Jackson argued that the exception to Rule 6.508(D)(3) for jurisdictional defects applied to his invalid waiver claim. *Id.* at 833. The state supreme court declined to decide this issue; instead, the court reasoned:

> Regardless of whether this claim is a jurisdictional one within the meaning of [Rule] 6.508(D)(3), the defendant is not entitled to relief. Pursuant to [Rule] 6.508(D), "[t]he defendant has the burden of establishing entitlement to the relief requested." The circuit judge's second opinion discussed the merits of the juvenile court waiver issue and found it to be without merit. Accordingly, the defendant failed to establish his entitlement to relief. Thus, the defendant has not been deprived of review of that issue by the operation of subrule (D)(3).

*Id.* at 833-34 (third alteration in original). Under the analysis of this passage, Rule 6.508(D)'s introductory sentence requiring the petitioner to establish his entitlement to relief applies to both the procedural and merits aspects of a petitioner's claim. Further, the Michigan Supreme Court used the phrase, "the defendant failed to establish his entitlement to relief," to refer to the petitioner's failure to establish entitlement to relief on the merits of his claim. This supports our precedent that Rule 6.508(D) has both a procedural and a substantive component, *see Ivory*, 509 F.3d at 292, and demonstrates that citations to a defendant's failure to meet the burden of establishing entitlement to relief can refer to a defendant's failure to meet that burden on the merits.

Michigan practice confirms that brief orders citing Rule 6.508(D) in some cases refer to a petitioner's failure to meet his burden on the merits. The procedural-default rule stated by Rule 6.508(D)(3) applies only to claims that could have been brought on direct appeal, and thus—by necessity—it does not apply to claims of ineffective assistance of *appellate* counsel. In *People v. Allen*, a Michigan petitioner seeking post-conviction relief argued that the judge in his criminal trial had erroneously excluded evidence and that he had been denied the effective assistance of appellate counsel. No. 249788, 2005 WL 1106498, at *1 (Mich. Ct. App. May 10, 2005). The appellate court denied both of these claims on the merits. *Id.* The Michigan Supreme Court denied review "because the defendant . . . failed to meet the burden of establishing entitlement to relief under [Rule] 6.508(D)." *People v. Allen*, 706 N.W.2d 15 (Mich. 2005)

(unpublished table decision).  Because the petitioner in *Allen* could not have raised his claim of ineffective assistance of appellate counsel in an earlier proceeding, the Michigan Supreme Court's form order necessarily rejected that claim on the merits. Further, the present case involved the same situation.  Guilmette's petition for post-conviction review in state court included both trial and appellate ineffective-assistance claims.  The form orders used by the state intermediate and supreme courts thus necessarily rejected one of Guilmette's claims on the merits.  This fact refutes the argument that such form orders can only, or do only, refer to procedural default.

Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or denial of relief on the merits, the orders are unexplained.  We must therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection of Guilmette's claim.  In *Ylst v. Nunnemaker*, the Supreme Court applied a presumption that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."  501 U.S. 797, 803 (1991).  Where, as here, "an earlier opinion 'fairly appear[s] to rest primarily upon federal law,' we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place." *Id.* (citation omitted) (alteration in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 740 (1991)).  Applying that presumption in this case results in a conclusion that the Michigan courts denied Guilmette's claim of ineffective assistance of trial counsel on the merits.

Michigan's primary argument that orders citing Rule 6.508(D) can only refer to procedural default is untenable in light of *Jackson* and the procedural history of cases like *Allen* and the present case.  The state also suggests that the Michigan Supreme Court necessarily considered and thus determined whether Guilmette had procedurally defaulted his claims because Michigan courts are required to consider procedural default before considering the merits of a collateral challenge to a criminal judgment.  But the cases the state cites do not support this assertion.  Instead, they stand for the

considerably simpler proposition that collateral petitioners cannot succeed without establishing entitlement to relief both procedurally and on the merits. *See People v. McSwain*, 676 N.W.2d 236, 256-57 (Mich. Ct. App. 2003); *People v. Brown*, 492 N.W.2d 770, 773 (Mich. Ct. App. 1992); *People v. Watroba*, 483 N.W.2d 441, 442 (Mich. Ct. App. 1992). This proposition does not prevent a state court from denying collateral relief to a petitioner on the merits without reaching the issue of procedural default. Further, the Michigan Supreme Court has implicitly rejected the state's assertion by deciding a case on the merits without considering procedural default. *Jackson*, 633 N.W.2d at 833-34.

Today's holding also does not undermine federalism, and it does not disregard Michigan's interest in the enforcement of its procedural rules. We are mindful of our duty to "to safeguard the States' interest in the integrity of their criminal and collateral proceedings." *Williams v. Taylor*, 529 U.S. 420, 436 (2000). But a duty to protect a state's interest in its procedural rules is only applicable once we determine that the state has decided a given case on a procedural basis. The existence of this federalism interest thus depends on the question we are asked to resolve. Because we are bound by the Supreme Court's holding in *Ylst* to determine that the state rejected Guilmette's claim of ineffective assistance of trial counsel on the merits, there is no state enforcement of a procedural rule in this case to which the federal courts can defer.

III.

We do not reach the merits of Guilmette's claim of ineffective assistance of trial counsel because the state did not appeal that aspect of the district court's judgment. Our general rule is that "'[a]n appellant abandons all issues not raised and argued in its initial brief on appeal.'" *United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006) (quoting *United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996)). Although this court may overlook such forfeiture, we part company with the partial dissent because we do not believe precedent requires us to look past the state's default in these circumstances, and we decline to do so. In its initial appellate brief, the state raised two issues: (1) did Guilmette procedurally default his ineffective-assistance claim, and

(2) had Guilmette demonstrated cause and prejudice for his procedural default. In his brief, Guilmette noted the state's failure to appeal the merits of his claim, and he argued that the state had therefore abandoned this issue. The state did not file a reply brief. The panel opinion concluded that the state had challenged the district court's conclusion only with respect to procedural default, *Guilmette*, 591 F.3d at 508, and the state neither contested this premise nor argued the merits of the claim before the en banc court. The state thus did not appeal the merits of the district court's decision, did not respond to Guilmette's argument that such forfeiture precluded review, and did not argue before the en banc court that the panel's opinion should be reinstated on the alternative basis that Guilmette's counsel were not constitutionally ineffective. These circumstances do not warrant an exercise of our discretion to overlook the state's forfeiture of its merits argument.

Because the state has not established that Guilmette procedurally defaulted his claim of ineffective assistance of trial counsel, we affirm the judgment of the district court.

---

### CONCURRING IN PART AND DISSENTING IN PART

---

BOGGS, Circuit Judge, concurring in part and dissenting in part. The majority – quite correctly, in my view – concludes that the Michigan courts' summary orders citing Guilmette's "fail[ure] to meet the burden of establishing entitlement to relief under MCR 6.508(D)" are unexplained orders subject to look-through under *Ylst v. Nunnemaker*, 501 U.S. 797 (1991). While Judge Griffin notes that these orders, which do cite a code provision, do not literally "say *nothing*," Dissent at 21 (quoting *Ylst*, 501 U.S. at 804) (emphasis added), the Court clearly did not intend to set the bar for finding an order unexplained quite that high. *See Ylst*, 501 U.S. at 805 (holding order unexplained where, "although . . . it was not utterly silent, neither was it informative with respect to the question" of whether a procedural bar was actually applied). Because MCR 6.508(D) appears to embrace both a substantive and a procedural component, *see Ivory v. Jackson*, 509 F.3d 284, 292 (6th Cir. 2007), I agree that a bare citation to that provision is simply not "informative with respect to the question before us." *Ylst*, 501 U.S. at 805.[1]

I part company with the majority, however, as to the ultimate resolution of this particular appeal. After rejecting the state's procedural-bar argument, the majority concludes that the state waived on appeal any objection to the district court's merits holding that Guilmette received ineffective assistance of counsel, and that the writ must therefore issue. I cannot agree.

Part I of the state's brief on appeal makes the argument – which we reject today – that this court lacks jurisdiction over Guilmette's habeas petition because the Michigan courts' summary orders establish that Guilmette's claims are procedurally defaulted.

---

[1] Had the state courts' orders explicitly cited the subsection of the Rule that references procedural default, the basis for the orders would have been clear. *See* MCR 6.508(D)(3) (stating that a court may not grant relief to a defendant who "alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter"). In that case, a reviewing court could conclude that the state had applied a procedural bar.

Part II of the state's appellate brief then goes on to argue that the "cause and prejudice" exception to the procedural-default bar does not apply *because Guilmette did not receive ineffective assistance of counsel*. The heading of that portion of the state's brief urges us to conclude that "[b]ecause the State court's decision that *trial and appellate counsel were not constitutionally ineffective* is not contrary to established federal law, Petitioner has failed to show good cause or prejudice . . . to excuse his procedural default." Appellant's Br. at 22 (emphasis added). The body of that section contains a fully developed argument, citing relevant federal case law, that trial counsel was not ineffective – and, *a fortiori*, that the state post-conviction review court did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), in so holding – because counsel's decision to assert a mistaken-identity defense rather than dispute the element of entry was a "strateg[ic]" choice which "could have been successful." Appellant's Br. at 25.

There is, of course, no separate section in the state's appellate brief dedicated to "the merits" of Guilmette's underlying habeas claim premised on ineffective assistance of counsel. In other words, the state does not say, in so many words, that *even if* we do not read the Michigan courts' summary orders as indicating reliance on procedural default, Guilmette *still* loses "on the merits." But this should be irrelevant, as the *very same ineffective-assistance claim* serves "both as an independent [substantive ground for habeas relief] and as cause and prejudice to excuse a procedural default . . . ." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005).[2]

_____

[2] *See also DeYoung v. Schofield*, 609 F.3d 1260, 1278 n.19 (11th Cir. 2010) ("DeYoung's claim of ineffective assistance . . . must fail both as a separate claim of relief and as cause to excuse the procedural default . . . ."); *Pignataro v. Poole*, No. 09-1396-pr, 2010 WL 2501009, at *3 (2d Cir. June 18, 2010) (unpublished) ("Appellant is not entitled to habeas relief on his ineffective assistance of appellate counsel claim and, for the same reasons, has not shown prejudice sufficient to excuse the procedural default . . . ."); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003) ("The district court found that Caver's appellate counsel had been ineffective . . . , thus establishing both a separate constitutional defect and cause and prejudice sufficient to excuse the procedural default . . . ."); *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998) ("Because the same legal standards govern petitioner's underlying claim of ineffective assistance of counsel and his closely related burden to show cause for his state law procedural default, we must determine whether petitioner has shown cause concurrently with the merits of his ineffective assistance of counsel claim."); *Hardeman v. Boone*, 51 F.3d 286, 1995 WL 147514, at *4 n.4 (10th Cir. 1995) (unpublished table decision) ("We consider Mr. Hardeman's ineffective assistance of appellate counsel claim . . . both [as] a substantive claim in its own right and as 'cause' for his procedural default . . . ."); *Carbello v. United States*, 1 F.3d 1244, 1993 WL 269502, at *2 n.3 (7th Cir. 1993) (unpublished table decision) ("For the same reason that we found that Carbello's attorney's performance was not 'cause' for Carbello's procedural default, we must reject Carbello's independent claim that his

In addressing the issue of procedural default, furthermore, the state invoked the standard of review that applies when a federal court reviews a habeas petition on the merits. Specifically, it is the law of this circuit that the "higher AEDPA standard of review" applies when we address a habeas petitioner's underlying ineffective-assistance claim on the merits, but *not* when we address whether ineffective assistance of counsel exists to excuse a procedural default. *Hall v. Vasbinder*, 563 F.3d 222, 236-37 (6th Cir. 2009). In other words, we do not defer to a state court's determination of whether ineffective assistance occurred for purposes of our cause-and-prejudice analysis, although we do defer once we reach the merits of a habeas petitioner's Sixth Amendment claim. *Ibid.* In this case, although the state discussed ineffective assistance only in the portion of its brief dealing with cause and prejudice, it nonetheless correctly addressed Guilmette's ineffective-assistance claim under the higher AEDPA standard of review. *See* Appellant's Br. at 25 ("It cannot be said that the [state] court's decision was an unreasonable application of *Strickland* . . . ."). The state would have had no need to invoke the AEDPA "unreasonable application" standard if it actually intended to waive its merits argument and pin its hopes for reversal entirely on procedural default. This supports the conclusion that the state did not intend to waive its merits argument in this case.

This court's precedents further compel that conclusion. In fact, in another recent habeas case, *Thompkins v. Berghuis*, a panel of this court rejected a waiver argument substantially identical to the one the majority accepts today. 547 F.3d 572 (6th Cir. 2008), *rev'd on other grounds*, 130 S. Ct. 2250 (2010). In *Thompkins*, the petitioner's appellate brief addressed the merits of his ineffective-assistance claim, but "failed to argue for the existence of cause and prejudice to excuse his procedural default." *Id.* at 588. The warden submitted that any argument that cause and prejudice existed was therefore waived. *Ibid.* Although the panel found the petitioner's failure to explicitly

---

attorney rendered ineffective assistance."); *Williams v. McCarthy*, 879 F.2d 866, 1989 WL 76884, at *2 (9th Cir. 1989) (unpublished table decision) ("For the same reasons that we reject the claimed ineffective assistance of counsel as cause for procedural default, we reject it as an independent claim for relief."); *Cook v. Foltz*, 814 F.2d 1109, 1114 (6th Cir. 1987) (Merritt, J., concurring) ("Mr. Cook's claim of ineffective assistance is offered both as cause for his procedural default in state court and as a substantive ground for habeas relief.").

address procedural default "troubling," it noted that "the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of [the] ineffective assistance of counsel claim" and, "given the overlapping analysis,"considered the petitioner's ineffective-assistance arguments for both purposes. *Id.* at 589. This case is the same, except that it is the merits argument, rather than the "overlapping" procedural-default argument, which has not been made explicit.

We have invoked this "merge[r]" or "overlapping analysis" rule numerous times to reject waiver arguments asserted against appellants, irrespective of whether those appellants were plaintiffs or defendants below. For example, in *Stambaugh v. Corrpro Companies*, the district court had dismissed the plaintiff's securities-fraud complaint both (1) because it failed to plead adequately  the statutory element of scienter, and (2) because it failed to satisfy the requirement of Federal Rule of Civil Procedure 9(b) that fraud claims be pleaded with particularity.  116 F. App'x 592, 595-96 (6th Cir. 2004).  Even though the plaintiff's appellate brief took issue with only one of the district court's two equally sufficient grounds for dismissal, we declined the defendant's invitation to "summarily affirm[]" the district court's judgment "because [plaintiff] failed to appeal an 'alternate' ground of that decision."  *Id.* at 596.  Our reasoning resembled the panel's reasoning in *Thompkins*:

> [T]he district court ruled both that Leviticus had failed to allege particularized facts giving rise to a strong inference of scienter, as required by the PSLRA, and that Leviticus failed to plead fraud with particularity as required by Fed. R. Civ. P. 9(b). Corrpro now argues that Leviticus, in its appellants' brief, failed to dispute the district court's decision with respect to Fed. R. Civ. P 9(b), that this constitutes a waiver of any argument that the Rule 9(b) ruling was incorrect, and that therefore the district court's decision should be summarily affirmed because one basis of that decision has not been appealed.
>
> If a party does not raise an issue in its appellant's brief, then that issue is waived. . . . Leviticus did not separately argue that its complaint satisfied Rule 9(b); rather, Leviticus only argued that the complaint had adequately pled scienter, as required by the PSLRA.
>
> In this case, although the issue is close, Leviticus's arguments regarding scienter are sufficient to preserve its appeal of the Rule 9(b) dismissal.

> We do not generally condone making arguments by inference. [However, i]n this case, the district court's ruling that the complaint failed to satisfy Fed. R. Civ. P. 9(b) revolved entirely around the requirement that a plaintiff allege fraudulent intent. *The district court's explanation of how the complaint failed to allege fraudulent intent mirrors its explanation of how the complaint failed to plead scienter as required by the PSLRA. Therefore, if Leviticus is correct that the complaint satisfies the PSLRA's pleading standard, then the complaint would also satisfy Rule 9(b). The inference that Appellants also challenge the district court's alternative ground is thus sufficiently clear*, and this court can consider the merits of Leviticus's appeal.

*Id.* at 596 (internal citations omitted) (emphasis added).

We relied on *Stambaugh*'s reasoning in *United States v. Goforth*, a published decision involving the Federal Debt Collection Procedures Act. 465 F.3d 730 (6th Cir. 2006). There, the district court held that the defendant spouses had made fraudulent transfers both (1) because "the payment of household expenses by [the wife] in return for the monthly payments from her husband would not constitute 'reasonably equivalent value' under [28 U.S.C. § 3304(a)]," and (2) because the payments "were made with the intent to hinder, delay, and defraud the government, within the parameters of 28 U.S.C. § 3304(b)(1)(A)." *Id.* at 735-36. On appeal, we rejected a waiver argument – this time, asserted against *the defendants* – for reasons that should be familiar by now:

> The government argues that the Gilleys have waived any challenge to [the district court's] alternative holding [under § 3304(b)(1)(A)] because they did not argue it in their opening brief. The Gilleys counter that their extensive arguments as to "reasonably equivalent value" [under § 3304(a)] preserve their challenge to this alternative ground because the FDCPA provides a defense to claims under § 3304(b) for transfers "with respect to a person who took in good faith and for a reasonably equivalent value or against any transferee or obligee subsequent to such person." 28 U.S.C. § 3307(a).

> We have held that *where an argument advanced in an appellant's opening brief applies to and essentially subsumes an alternative basis for affirmance [or reversal] not separately argued therein, the appellant does not waive that alternative basis for affirmance [or reversal]. Stambaugh v. Corrpro Co., Inc.*, No. 03-3904, 2004 WL 2625036, at *5 (6th Cir. Nov. 17, 2004). Because the Gilleys' [expressly asserted] arguments regarding "reasonably equivalent value" would apply equally

to the defense under § 3307(a) [not expressly argued], this authority would negate the government's waiver argument.

*Id.* at 736-37 (emphasis added).**[3]**

We have quoted and applied the rule in *Goforth* in at least two other cases – one published and one not. *See Sunarto v. Mukasey*, 306 F. App'x 957, 961-62 (6th Cir. 2009) ("Because the analysis of [petitioner] Sunarto's [immigration] claims is largely the same under both reconsideration and reopening, we believe that Sunarto's arguments with respect to the reopening claims [not expressly addressed in his appellate brief] are sufficiently subsumed by his arguments on the reconsideration claims and that [the *Goforth*] exception applies."); *Madden v. Chattanooga City Wide Serv. Dep't*, 549 F.3d 666, 673 (6th Cir. 2008) ("[Defendant-appellant] fails to make any arguments in its briefs as to [plaintiff's Tennessee Human Rights Act] claims, [which the district court found meritorious] . . . . [However, b]ecause the analysis of [plaintiff's] claims is the same under both Title VII and the THRA, we believe that [defendant-appellant's latent] arguments with respect to the THRA claims are sufficiently subsumed within its [express] arguments on the Title VII claims for [the *Goforth*] exception to apply.").

Again, I believe that these precedents compel the conclusion that the state did not waive its merits argument, as that argument "merges with," shares an "overlapping analysis" with, "mirrors," and/or is "essentially subsume[d]" within its cause-and-prejudice argument. Accordingly, I would reach the merits of Guilmette's ineffective-assistance claim.

In so doing, I would find that Guilmette failed to establish ineffective assistance of trial counsel (and thus, that appellate counsel was not ineffective for failing to argue trial counsel's ineffectiveness). As the panel majority compellingly explained, "Guilmette's counsel had a promising mistake-of-identity defense based upon the

---

**[3]**While the opinion in *Goforth* used only the word "affirmance," rather than "affirmance or reversal," it is clear that the panel meant to include reversal, because the allegedly waived argument that the *Goforth* panel was addressing was asserted by the *appellant* – who obviously was seeking reversal, not affirmance. Similarly, in *Stambaugh*, on which the *Goforth* panel relied, the argument that was found unwaived sought reversal, not affirmance.

victim's questionable identification, Guilmette's plausible alibi, and the inconsistency between the victim's description of Guilmette's actions and the testimony regarding Guilmette's inoperable driver-side door." *Guilmette v. Howes*, 591 F.3d 505, 510 (6th Cir. 2010). Further, if Guilmette's counsel had contested the element of entry, as Guilmette now argues they should have done, "it might have either removed the focus from or undermined the credibility of the defense's misidentification argument." *Id.* at 511.

Indeed, as the panel majority noted, Guilmette's trial counsel strongly argued to the jury in closing that "the jury ought to find the defense more credible because defense counsel, unlike the prosecutor, had refrained from making inconsistent alternative arguments." *Ibid.* The defense began its closing argument by stating bluntly, "This is a case about identification. Not about whether a burglary occurred. And whether a suspect that has been brought in front of you, Mr. Bruce Guilmette[,] is the right person." The defense concluded with the following plea: "Don't let the only thing worse . . . than what happened to [the victim] happen to Mr. Guilmette. Because, the evidence shows they've got the wrong person." Defense counsel underscored the consistency of their single theory, emphasizing that "[a]t no time has anyone on the defense . . . tr[ied] to persuade you that what [the victim] said . . . didn't happen." By contrast, defense counsel characterized the prosecution as "want[ing] it both ways," since the prosecution argued *both* that Guilmette had enlisted another person to impersonate him at a methadone clinic in order to create a false alibi, *and* that enough time had elapsed between the break-in and Guilmette's sign-in at the methadone clinic for Guilmette to have been at both places. This sensible attack would, of course, have been foreclosed had the defense itself advanced inconsistent theories.

Trial counsel's decision to present one consistent, relatively strong mistaken-identity defense to the jury, rather than arguing that "Guilmette didn't do it – but if he *did* do it, he didn't actually place any part of his body inside the victim's house," appears to have been a reasonable strategic choice. An attorney "could reasonably choose to avoid confusing the jury with alternative defenses . . . ." *United States v. Smith*, 10 F.3d

724, 729 (10th Cir. 1993); *see also Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption . . . that, under the circumstances, the challenged action might be considered sound trial strategy." (internal quotation marks omitted)).   Guilmette, therefore, cannot satisfy the *Strickland* standard; *a fortiori*, the state trial court's decision on post-conviction review that counsel was not ineffective was not unreasonable. *See Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009) ("The question [under AEDPA] is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." (internal quotation marks omitted)).

In conditionally granting the writ on the basis of ineffective assistance of counsel, the district court incorrectly applied *Strickland* and AEDPA.   The state's appellate brief explicitly argued just that.   I therefore respectfully dissent from this court's ultimate decision to affirm the district court's judgment.

———————————

**DISSENT**

———————————

GRIFFIN, Circuit Judge, dissenting.  "[T]he pedestal of the entire procedural-default doctrine . . . is respect for state procedural rules."  *Franklin v. Hightower*, 215 F.3d 1196, 1200 (11th Cir. 2000).  As the Supreme Court has repeatedly emphasized,

> Federal habeas corpus principles must inform and shape the historic and still vital relation of mutual respect and common purpose existing between the States and the federal courts.  In keeping this delicate balance we have been careful to limit the scope of federal intrusion into state criminal adjudications and to safeguard the States' interest in the integrity of their criminal and collateral proceedings. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 726 (1991) ("This is a case about federalism. It concerns the respect that federal courts owe the States and the States' procedural rules when reviewing the claims of state prisoners in federal habeas corpus"); *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) ("[T]he doctrines of procedural default and abuse of the writ are both designed to lessen the injury to a State that results through reexamination of a state conviction on a ground that the State did not have the opportunity to address at a prior, appropriate time; and both doctrines seek to vindicate the State's interest in the finality of its criminal judgments.").

*Williams v. Taylor*, 529 U.S. 420, 436 (2000).

Today's en banc decision erodes the fundamental tenets of federalism by voiding, for purposes of federal habeas corpus review, Michigan's adequate and independent rules of post-conviction procedure.  In my view, our prior panel opinion, *Guilmette v. Howes*, 591 F.3d 505 (6th Cir. 2010) ("*Guilmette I*"), rehearing en banc granted, opinion vacated March 12, 2010, was correctly decided and, thus, rehearing en banc was improvidently granted.  Accordingly, I would reinstate our prior panel decision and reverse the district court.  I therefore respectfully dissent.

In *Wainwright v. Sykes*, 433 U.S. 72 (1977), the Supreme Court addressed the following issue: "In what instances will an adequate and independent state ground bar consideration of otherwise cognizable federal issues on federal habeas review?"

433 U.S. at 78-79.  Examining a Florida state contemporaneous-objection rule in this context, the Supreme Court noted that "[t]he area of controversy which has developed has concerned the reviewability of federal claims which the state court has declined to pass on because not presented in the manner prescribed by its *procedural* rules."  *Id*. at 81-82 (emphasis added).  In limiting federal habeas review to an analysis of "cause" and "prejudice," the Court held that Florida's rule constituted "an independent and adequate state procedural ground," and thus involved "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure."  *Id*. at 87.

Similarly, Michigan's post-conviction rules, specifically M.C.R. 6.508(D), are "independent and adequate state procedural grounds" that warrant enforcement by our court.  *See Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005) ("It is well-established in this circuit that the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent ground on which the Michigan Supreme Court may rely in foreclosing review of federal claims.").

In *Guilmette I*, Judge Rogers, writing for the panel majority, held that Guilmette's claim of ineffective assistance of counsel "[was] procedurally defaulted because, although the state trial court on collateral review addressed the merits of Guilmette's claim, both the state appellate and supreme courts denied the claim pursuant to Mich. Ct. R. 6.508(D)."  *Guilmette I*, 591 F.3d at 508.  In so holding, Judge Rogers cited our unanimous authority on this issue:

> Guilmette did not raise his ineffective assistance of counsel claim on direct appeal, as required by Mich. Ct. R. 6.508(D)(3).  Our decision in *Munson v. Kapture*, 384 F.3d 310 (6th Cir. 2004) requires the conclusion that the Michigan courts enforced Rule 6.508(D)(3) in this case and thus that Guilmette's claim is procedurally defaulted.  In *Munson*, as in the present case, the petitioner did not raise certain claims on direct appeal. 384 F.3d at 312-13.  In both cases, the petitioner then raised the claims in a state trial court on collateral review, and the state trial court denied the claims on the merits.  *Id.* at 313.  Then in both cases, the state appellate and state supreme courts each denied leave to appeal in brief orders, stating that the petitioner had "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  *Id.*  In *Munson*,

we held that Rule 6.508(D) constituted an adequate and independent state ground and thus held the claims to be procedurally barred. No relevant fact distinguishes *Munson* from the present case, and thus Guilmette's claim is similarly procedurally defaulted.

\* \* \*

This conclusion is supported by five of this court's other cases, . . . all of which hold that habeas claims were procedurally defaulted in situations materially indistinguishable from the present case. *See Alexander v. Smith*, 311 Fed. Appx. 875 (6th Cir. 2009) . . . ; *Spencer v. Booker*, 254 Fed. Appx. 520 (6th Cir. 2007) . . . ; *McCray v. Metrish*, 232 Fed. Appx. 469 (6th Cir. 2007) . . . ; *Burroughs v, Makowski*, 282 F.3d 410 (6th Cir. 2002) . . . ; *Luberda v. Triplett*, 211 F.3d 1004 (6th Cir. 2000) . . . . In each, the state trial court on collateral review denied the petitioner's claims on the merits, and then both the state appellate and state supreme courts denied the claims pursuant to Mich. Ct. R. 6.508(D). We held that the petitioner's claims were procedurally defaulted in each case. *The binding nature of these precedents . . . is inescapable*.

*Id*. at 509-10 (citations and footnotes omitted, emphasis added).[1]

A cornerstone of these cases is our proper categorization of the state court orders at issue as "explained" orders – *not* "unexplained" orders that require further explication and, hence, scrutiny by this court to determine whether the state court's decision rested primarily upon federal law. In *Coleman*, the Supreme Court, when confronted with an ambiguous state court habeas order, refined the independent and adequate state ground doctrine and held:

In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on

---

[1]The panel majority noted that:

This result is consistent with *Abela v. Martin*, 380 F.3d 915 (6th Cir. 2004). In that case, both the Michigan trial court and the Michigan Court of Appeals denied the petitioner's collateral claims on the merits before the Michigan Supreme Court denied review pursuant to Mich. Ct. R. 6.508(D). *Id*. at 920. In part because the lower state courts had "repeatedly ruled on the merits," we concluded in *Abela* that the invocation of Mich. Ct. R. 6.508(D) by only the Michigan Supreme Court did not sufficiently indicate that the court was invoking a procedural bar, and thus that the claim was not procedurally defaulted. *Id*. at 923-24. In the present case, however, both the state appellate and state supreme court denied leave to appeal pursuant to Rule 6.508(D); this case is thus squarely controlled by our decision in *Munson*.

*Guilmette I*, 591 F.3d at 509.

resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state law ground, a federal court may address the petition.

*Coleman*, 501 U.S. at 735.

In *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), a companion case to *Coleman*, the Supreme Court further clarified the doctrine's application in cases involving "unexplained" state court orders and created the following presumption:

> Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. If an earlier opinion "fairly appear[s] to rest primarily upon federal law," *Coleman*, 501 U.S. at 740 [], we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place. Similarly where, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.
>
> * * *
>
> The maxim is that silence implies consent, not the opposite – and courts generally behave accordingly, affirming without further discussion when they agree, not when they disagree, with the reasons given below. . . . We think that a presumption which gives them no effect – which simply "looks through" them to the last reasoned decision – most nearly reflects the role they are ordinarily intended to play.

*Ylst*, 501 U.S. at 803-04.

The Court in *Ylst* defined the term "unexplained" order as "an order whose text or accompanying opinion does not disclose the reason for the judgment." *Id.* at 802. Otherwise stated, "[t]he essence of unexplained orders is that they say nothing." *Id.* at 804.

In the present case, the state appellate court orders are neither ambiguous nor "unexplained." In *Munson*, we held that

> [f]or purposes of procedural default, the "state judgment" with which we are concerned is "the last *explained* state court judgment." *Ylst v.*

*Nunnemaker*, 501 U.S. 797, 805 (1991). Munson argues that the last
explained state court judgment is the trial court's opinion denying his
post-conviction motion for relief. In that opinion, the court relied on
procedural default in rejecting only one of his claims; it denied the other
claims on their merits. Contrary to Munson's assertion, however, the last
explained state court judgment in this case is the Michigan Supreme
Court's order denying review of Munson's claims based upon his failure
to comply with Rule 6.508(D). *We have held that orders such as that
issued by the Michigan Supreme Court constitute "explained" state court
judgments for purposes of procedural default. See, e.g., Simpson v.
Jones*, 238 F.3d 399, 407-08 (6th Cir. 2000) (holding that an order issued
by the Michigan Supreme Court stating that the petitioner had "failed to
'meet the burden of establishing entitlement to relief under MCR
6.508(D)'" – though "brief" – constituted the last explained state court
judgment in the case).

*Munson*, 384 F.3d at 314 (footnote omitted, second emphasis added). Likewise, in
*Hargrave-Thomas v. Yukins*, 374 F.3d 383 (6th Cir. 2004), we observed that

[o]ur precedents establish that the state supreme court's one-sentence
order – an order saying simply that Ms. Hargrave-Thomas "failed to meet
the burden of establishing entitlement to relief under MCR 6.508(D)" –
"was based on an independent and adequate state procedural rule."
*Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000); *cf. Burroughs v.
Makowski*, 282 F.3d 410, 413-14 (6th Cir. 2002). Despite its brevity, the
order constituted a "reasoned" judgment that adequately explained its
procedural basis. Because the Michigan Supreme Court "expressly
stated" that Hargrave-Thomas' claim was "barred by MCR 6.508(D),"
*see Simpson*, 238 F.3d at 408, the federal courts may not review that
claim absent "cause and prejudice" or a "fundamental miscarriage of
justice." *See Harris* [*v. Reed*], 489 U.S. [255 (1989)] at 262-63.

*Hargrave-Thomas*, 374 F.3d at 387-88; *see also Burroughs*, 282 F.3d at 414 ("[T]he

Michigan Court of Appeals and Michigan Supreme Court's statements that Burroughs

was not entitled to relief under M.C.R. 6.508(D) presents a sufficient explanation that

their rulings were based on procedural default."); *Alexander*, 311 F. App'x at 884 ("The

Michigan Supreme Court's order denying Alexander relief from the judgment ["under

MCR 6.508(D)"] constitutes an explained order invoking an independent and adequate

procedural bar to relief."); *Friedman v. Smith*, 83 F. App'x 718, 724 n.8 (6th Cir. 2003)

(unpublished) ("The Michigan Supreme Court's order disclosed the reason for its

judgment – Mich. Ct. R. 6.508(D).  The judgment, therefore, was not unreasoned or unexplained.  Consequently, we need not look to prior state court judgments on [the petitioner's] *Brady* claim.").  *Cf., Correll v. Stewart*, 137 F.3d 1404, 1417 (9th Cir. 1998) (citing *Ylst* and holding that "[b]y invoking state-law procedural grounds [analogous to MCR 6.508(D)] for its dismissal of [the petitioner's post-conviction] claims, the state trial court barred later federal review of these claims on the merits.").

In the present case, the orders of the Michigan Supreme Court and the Michigan Court of Appeals – which denied Guilmette's petitions because he failed to sustain his "burden of establishing entitlement to relief under MCR 6.508(D)" – are, as Judge Rogers notes in *Guilmette I*, "materially indistinguishable" from the "explained" orders at the core of our substantial body of case law that requires, under these circumstances, that we honor the state court judgments explicitly denying Guilmette's claim on independent and adequate state procedural grounds.  We should not manufacture ambiguity where there is none, and we need not ignore or "look through" these unequivocal state court orders, which by their express language preclude collateral review.  In my view, *Guilmette I* and its abundant persuasive precedent were correctly decided and therefore should not be overruled.

Like most jurisdictions, Michigan requires that all claims be brought on direct appeal.  *See People v. Caston*, 579 N.W.2d 368, 371 (Mich. Ct. App. 1998) ("[B]ecause defendant failed to pursue an appeal as of right when he had the opportunity to do so, and because the time limitations for filing an application for leave to appeal have expired, defendant's convictions are reviewable only in accordance with subchapter 6.500 of the Michigan Court Rules, dealing with postappeal relief.  MCR 6.501."); *see also* subchapter 7.200 of the Michigan Court Rules (delineating Michigan's appellate practice and procedure).

Subchapter 6.500 of the Michigan Court Rules establishes procedural rules for post-conviction appeals.  These rules were promulgated by the Michigan Supreme Court on March 30, 1989, effective October 1, 1989, as part of Michigan's comprehensive revision of its rules of criminal procedure:

> Before October 1, 1989, the procedure for collateral review of criminal convictions in Michigan did not make any provisions for finality of judgments. As a consequence, defendants could, and did, repeatedly seek relief without limitation. To create a uniform system of procedure, Michigan Court Rules 6.501 *et seq.* were enacted. The rules present a carefully balanced scheme that liberally permits the assertion of claims on direct appeal, whether timely or not, while at the same time introducing a concept of finality to discourage repeated trips up and down the appellate ladder.

*People v. Reed*, 535 N.W.2d 496, 503 (Mich. 1995); *see also People v. Jackson*, 633 N.W.2d 825, 829 (Mich. 2001). The rules "[were] designed to encourage raising legal issues on initial appeal rather than in postconviction review," recognizing that "[n]either the guarantee of a fair trial nor a direct appeal entitles a defendant to as many attacks on a final conviction as ingenuity may devise." *Reed*, 535 N.W.2d at 503-04 (footnote omitted).

As rules of procedure, not substantive law, the provisions of subchapter 6.500 were given retroactive effect by the Michigan Supreme Court. *Jackson*, 633 N.W.2d at 831-33. In so holding, the Michigan Supreme Court stated that the rules of subchapter 6.500 are "modes of procedure" only, and that "[w]e can discern no theory upon which the defendant can be said to have a vested right in the procedures – or lack thereof – for bringing long-delayed challenges to criminal convictions extant before the adoption of MCR subchapter 6.500." *Id.* at 832-33.

In fact, although the Michigan Supreme Court is constitutionally empowered to promulgate rules of practice and procedure pursuant to Article 6, § 5 of the Michigan Constitution,[2] it "'is not authorized to enact court rules that establish, abrogate, or modify the substantive law.'" *People v. Glass*, 627 N.W.2d 261, 269 (Mich. 2001) (quoting *McDougall v. Schanz*, 597 N.W.2d 148, 154 (Mich. 1999)). "Rather, as is evident from the plain language of art. 6, § 5, [the Michigan Supreme Court's]

---

[2]The Michigan Constitution provides in pertinent part: "The supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state." Mich. Const. 1963, art. 6, § 5.

constitutional rule-making authority extends *only* to matters of practice and procedure."
*McDougall*, 597 N.W.2d at 154.

M.C.R. 6.508(D), at issue in the present case, provides, in full:

(D) Entitlement to Relief.  The defendant has the burden of establishing entitlement to the relief requested.   The court may not grant relief to the defendant if the motion

(1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;

(2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief.  As used in this subrule, "actual prejudice" means that,

(i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;

(ii) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand;

(iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case;

(iv) in the case of a challenge to the sentence, the sentence is invalid.

The court may waive the "good cause" requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime.

As the Michigan Court of Appeals explained in *People v. McSwain*, 676 N.W.2d 236 (Mich. Ct. App. 2003),

> It is well settled that [s]ubchapter 6.500 of the Michigan Court Rules establishes procedures for pursuing postappeal relief from a criminal conviction. The subchapter is the exclusive means to challenge a conviction in Michigan once a defendant has exhausted the normal appellate process. *Relief, however, may not be granted unless the defendant demonstrates (a) good cause for failure to have raised the grounds for relief on appeal or in a prior motion under the subchapter and (b) actual prejudice from the alleged irregularities that support the claim for relief. MCR 6.508(D)(3)(a) and (b).*
>
> * * *
>
> MCR 6.508 is phrased in the negative and sets out three bars to relief from judgment. The first bar, under MCR 6.508(D)(1), is that a court may not grant relief from judgment if the criminal defendant's motion seeks relief from judgment of conviction and sentence that still is subject [] to challenge on appeal under MCR 7.200 or MCR 7.300. This bar is not applicable here; McSwain's judgment of conviction and sentence is not now subject to challenge on appeal pursuant to MCR 7.200 or 7.300.
>
> The second bar, under MCR 6.508(D)(2), is that a court may not grant relief from judgment if the criminal defendant's motion alleges grounds for relief that were decided against the defendant in a prior appeal or proceeding under MCR 6.500, "unless the defendant establishes that a retroactive change in the law has undermined the prior decision." This bar is also not applicable here; McSwain's motion did not allege grounds that were decided against her in a prior appeal or proceeding under MCR 6.500.
>
> The third bar, under MCR 6.508(D)(3), is that a court may not grant relief from judgment if the criminal defendant's motion "alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under" MCR 6.500. This bar clearly applies here as McSwain could have, but did not, raise the issue of her alleged mental incapacity in her prior appeal from her conviction and sentence. However, *a criminal defendant can avoid the application of this bar if that defendant demonstrates*:
>
> (a) *good cause* for failure to raise such grounds on appeal or in the prior motion; and
>
> (b) *actual prejudice* from the alleged irregularities that support the claim for relief.

* * *

> The court rule also provides that the criminal defendant has the burden of establishing entitlement to the relief requested and that the court may waive the "good cause" requirement of MCR 6.508(D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime.

*McSwain*, 676 N.W.2d at 248-50 (emphasis added).

The Michigan Court of Appeals' explanation that the petitioner bears the burden to "demonstrate . . . 'good cause' . . . and 'actual prejudice,'" *id.* at 249, is consistent with the introductory sentence of M.C.R. 6.508(D), which provides: "The defendant has the burden of establishing entitlement to the relief requested." Thus, unless the petitioner sustains his burdens of production and persuasion, he may not be granted relief because he has not demonstrated actual prejudice and good cause.

In the present case, our en banc court has been influenced by Judge Martin's panel dissent, in which he opined, in part, as follows:

> Although M.C.R. 6.508(D)(1), (2), and (3) list specific procedural grounds for denying a defendant relief from judgment, these procedural grounds are not the exclusive grounds for which a court may deny relief pursuant to M.C.R. 6.508(D). A court may deny relief from judgment under 6.508(D)(4) for the substantive, *i.e.* non-procedural, reason that the defendant simply failed to meet his burden of "establishing entitlement to the relief requested." As such, the Michigan courts' bare citation to M.C.R. 6.508(D) in orders denying Guilmette leave to appeal does not demonstrate that the courts denied him leave to appeal on the basis of a procedural default, much less on the procedural ground described in M.C.R. 6.508(D)(3), which the warden urges on this Court.

*Guilmette I*, 591 F.3d at 513 (Martin, J., dissenting).

Regarding the three subsections that are part and parcel of the rule, Judge Martin correctly recognizes that "MCR 6.508(D)(1), (2), and (3) list *specific procedural grounds* for denying a defendant relief from judgment . . . ." *Id.* (emphasis added). However, contrary to the dissent's assertion, there is no subsection (D)(4). Judge Martin is presumably referring to M.C.R. 6.508(D)'s introductory sentence.

In any event, we have already rejected the precise argument advanced by Judge Martin.  In *Friedman*, we stated:

We must next determine whether the Michigan Supreme Court utilized Mich. Ct. R. 6.508(D)(3) to bar Friedman's claim.  The court only referenced 6.508(D) generally as the basis for denying Friedman leave to appeal the judgment of the Michigan Court of Appeals.  Friedman noted that 6.508(D) states that "[t]he defendant has the burden of establishing entitlement to the relief requested."  Friedman admits that 6.508(D) goes on to list only procedural grounds for denying a defendant relief from judgment, which include 6.508(D)(3).  However, Friedman claims that these procedural grounds are not the exclusive grounds for which a court may deny relief under 6.508(D).  According to Friedman, a court may deny relief from judgment under 6.508(D) for the non-procedural reason that defendant simply failed to meet his burden of establishing entitlement to the relief requested.  Friedman argues that the Michigan Supreme Court's citation to 6.508(D) in its order denying Friedman leave to appeal does not demonstrate that the court denied him leave to appeal on the basis of a procedural default, much less on the procedural grounds included in 6.508(D).

We do not find Friedman's argument persuasive.  This court has held on numerous occasions that 6.508(D) constitutes a procedural rule that, when invoked by a Michigan court to deny a claim, signifies that the claim is procedurally defaulted.  *See Burroughs*, 282 F.3d at 413-14; *Simpson*, 238 F.3d at 405-08; *Moran v. Trippett*, No. 96-2174, 1998 WL 382698, at *2 (6th Cir. June 8, 1998). . . .  Therefore, adhering to this precedent, we find that the Michigan Supreme Court's order denying Friedman leave to appeal enforced a state procedural rule to bar Friedman's *Brady* claim.

* * *

Friedman claims that, even if 6.508(D) constitutes a procedural rule, citing only 6.508(D) does not sufficiently demonstrate that the state procedural rule applicable to Friedman's *Brady* claim – 6.508(D)(3) – was actually invoked by the Michigan Supreme Court.  *Burroughs* directly refutes Friedman's claim.  In *Burroughs*, this court found that the Michigan Supreme Court's citation to 6.508(D) was sufficiently specific to invoke the more precise procedural bar of 6.508(D)(3).  282 F.3d at 413; *see also Moran*, 1998 WL 382698, at *2 (finding that petitioner's habeas claim was procedurally barred by 6.508(D) where the Michigan Supreme Court cited only 6.508(D) in denying petitioner's leave to appeal a state court decision regarding the federal claim at issue).  Friedman attempts to distinguish *Burroughs* on the basis that, in that

case, the court noted it was undisputed that the petitioner failed to properly present his arguments for state appellate review, whereas in the case *subjudice* Friedman contends that he was not required to present his *Brady* claim on direct appeal. Friedman's attempt to distinguish *Burroughs* is unavailing. *Burroughs* states without qualification that the invocation of 6.508(D) by a Michigan court to deny a petitioner relief is a determination that the petitioner's claim is procedurally barred, and that invoking 6.508(D) is sufficiently specific to bar a claim under 6.508(D)(3). 282 F.3d at 413-14. At no point does the court limit its holding to instances where it is undisputed that the claims at issue were not properly presented for state appellate review. Our conclusion that the Michigan Supreme Court actually invoked 6.508(D)(3) to bar Friedman's claim is supported by the fact, which was conceded by Friedman at oral argument, that none of the other procedural bases for denying Friedman's *Brady* claim under 6.508(D) are applicable to that claim. The clear implication, then, is that – by citing 6.508(D) in its order denying Friedman leave to appeal – the Michigan Supreme Court was invoking 6.508(D)(3) specifically.

*Friedman*, 83 F. App'x at 725-26.

While this unpublished decision is not precedentially binding, *see Longaberger Co. v. Kolt*, 586 F.3d 459, 468 (6th Cir. 2009), I certainly find it to be persuasive and consistent with this court's longstanding interpretation of M.C.R. 6.508(D) in the context of habeas review. More importantly, *Friedman* properly rebuffed the petitioner's attempt to artificially interject a substantive component into a court rule that is purely a procedural bar. Unfortunately, the en banc majority in the present case now makes this legal misstep.

In promulgating M.C.R. 6.508(D)(3), the Michigan Supreme Court emulated the federal habeas corpus practice for addressing procedurally defaulted claims. As the Michigan Supreme Court has explained:

> The requirements of showing good cause for failure to raise the issue on direct appeal and prejudice from the alleged error to entitle a defendant to relief are derived from United States Supreme Court decisions involving federal habeas corpus challenges to state convictions and collateral review of federal ones. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); *United States v. Frady*, 456 U.S.

152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *Davis v. United States*, 411 U.S. 233, 93 S. Ct. 1577, 36 L. Ed. 2d 216 (1973).

*Jackson*, 633 N.W.2d at 830.

Just as our review of procedural defaulted claims for "cause," "prejudice," and "fundamental miscarriage of justice," *see Coleman*, 501 U.S. at 750, is not an adjudication of the merits of the federal constitutional claims, neither is Michigan's post-conviction review.  Rather, an adjudication pursuant to M.C.R. 6.508(D)(3) entails a "cause," "prejudice," and "miscarriage of justice" analysis and disposition.  In the present case, our panel, in its vacated majority opinion, properly engaged in such an analysis and held:

> Guilmette has therefore failed to establish cause and prejudice for his procedural default of his claim of ineffective assistance of trial counsel, and thus he is barred from raising that issue on habeas review.

*Guilmette I*, 591 F.3d at 512.

The Michigan post-conviction procedure is the same.  The Michigan appellate courts do not adjudicate the merits of federal constitutional claims when dismissing such claims for failure to sustain the "burden of establishing entitlement to relief under MCR 6.508(D)."  *See People v. Brown*, 492 N.W.2d 770 (Mich. Ct. App. 1992) and *People v. Watroba*, 483 N.W.2d 441 (Mich. Ct. App. 1992) (reversing trial court decisions adjudicating the merits of the substantive claims raised on post-conviction appeals, rather than addressing the narrower issues of "cause" and "prejudice" required by M.C.R. 6.508(D)(3)).

In *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989), a decision that pre-dated the promulgation of M.C.R. 6.508(D), we encouraged the Michigan state courts to undertake post-conviction review and held that the Michigan Court of Appeals' review of the petitioner's constitutional claims for "manifest injustice" did not constitute an adjudication of the substantive merits of the claims or waive the procedural bar of the state's contemporaneous objection rule:

What the state court of appeals did, as we understand it, was to enforce the procedural bar while reserving the right to excuse it if necessary to prevent manifest injustice. We would be loath to adopt an exception to the "cause and prejudice" rule that would discourage state appellate courts from undertaking the sort of inquiry conducted by the Michigan court, and we do not believe that the state court's explanation of why the jury instructions resulted in no manifest injustice can fairly be said to have constituted a waiver of the procedural default. Even if there had been such a waiver, however, Mr. Paprocki would not be entitled to the relief he seeks in this case – for the instructions, as we view them, would not warrant habeas relief in any event.

*Paprocki*, 869 F.2d at 284-85.

Moreover, I find the "cause and prejudice" analysis and disposition, under either our habeas corpus practice or Michigan's post-conviction procedure, to be analogous to a plain-error adjudication. On this issue, in *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), we rejected the petitioner's argument that a plain-error ruling entails an adjudication of the merits of the underlying federal claim:

[H]e claims that because the contemporaneous-objection rule does not preclude the state appellate courts from performing a plain-error review, the rule itself is dependent on federal law and is therefore not an "independent and adequate state ground" . . . .

*Scott*, 209 F.3d at 866.

In doing so, we stated that were we to adopt petitioner's position, we "would eviscerate the very foundations of the adequate and independent state ground doctrine, which are federalism, finality and comity." *Id.* at 867. Later, in *Lundgren v. Mitchell*, 440 F.3d 754 (6th Cir. 2006), we made our holding explicit:

Petitioner argues that the Ohio Supreme Court waived any procedural default that may have existed by conducting a plain error analysis on some of Petitioner's claims upon direct appeal, even though Petitioner had failed to preserve those claims through contemporaneous objections during trial. . . . [T]his Court has held that a state court's plain error analysis does not save a petitioner from procedural default. *See Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000). *Plain error analysis is more properly viewed as a court's right to overlook procedural defects to prevent manifest injustice, but is not equivalent to a review of the merits.*

*Lundgren*, 440 F.3d at 765 (emphasis added); *see also Williams v. Bagley*, 380 F.3d 932, 968-69 (6th Cir. 2004) ("[T]his court has repeatedly held, in published decisions, that plain error review by an appellate court constitutes enforcement of Ohio's contemporaneous objection rule."); *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 423 (6th Cir. 2003) (holding that the state appellate court's occasional reference to "reversible error" and citation to federal law did not foreclose a finding that the state court invoked a state procedural bar to preclude habeas review on an independent state procedural ground, where the state court noted the petitioner's failure to comply with a contemporaneous objection rule and discussed only plain error); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) ("[W]e view a state appellate court's review for plain error as the enforcement of a procedural default"); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) ("Controlling precedent in our circuit indicates that plain error review does not constitute a waiver of state procedural default rules.").

The majority overrules precedent and reaches its holding by misreading *People v. Jackson*, 633 N.W.2d 825 (Mich. 2001).[3]  In doing so, my colleagues erroneously conclude that the Michigan Supreme Court ruled on the substantive merits of Jackson's federal constitutional claims.  It did not.  Rather, the Michigan Supreme Court analyzed Jackson's claim under the "cause" and "prejudice" procedural bar of M.C.R. 6.508(D)(3).  Like the present case, it was the state trial court in *Jackson* – not the Michigan Supreme Court – that decided the federal issues on their merits.  In affirming the judgment, only, of the lower court, the Michigan Supreme Court clearly applied the higher, and more-demanding procedural bar of "cause" and "prejudice":

> As noted earlier, the circuit judge carefully reviewed and discussed the merits of these claims, finding them without merit.  This, in effect, amounts to a determination that defendant failed to establish the prejudice aspect of the MCR 6.508(D)(3) standard.  That made it unnecessary for the court to address the good cause question.  See *Reed, supra* at 400-401, 535 N.W.2d 496.

---

[3]Similarly, my colleagues read far too much into a single denial order of the state court for which a claim of ineffective assistance of appellate counsel was purportedly raised.

> We find no error in the judge's analysis of the prejudice question and therefore affirm.

*Jackson*, 633 N.W.2d at 834. The result, not rationale, of the trial court's decision, was affirmed by the Michigan Supreme Court.

In the present case, the majority has overruled our well-established precedent on the basis of their misinterpretation of a single paragraph of a state court per curiam opinion. However, the ultimate arbitrator of Michigan law, the Michigan Supreme Court, has not similarly misread its own decision. I would follow Michigan's well-established construction of its post-conviction procedural rules. I therefore respectfully dissent from the novel construction of the Michigan court rules created by my colleagues.

In my view, today's decision usurps the role of the Michigan appellate courts and defies the principles of comity and federalism that underlie the independent and adequate state ground doctrine. It will open the floodgates for expansive habeas review because:

> Without the rule, a federal district court would be able to do in habeas what this [Supreme] Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

*Coleman*, 501 U.S. at 730-31.

For these reasons, I would hold the vacated panel opinion correctly determined that under Michigan's independent and adequate rules of criminal procedure, petitioner Guilmette's federal constitutional claims were procedurally defaulted and, thus, for purposes of federal habeas review, were analyzed for cause and prejudice, which the majority properly found lacking. Accordingly, I respectfully dissent. I would reinstate the panel majority opinion and reverse the district court.